CASE 81—ACTION BY RAYMOND DAVIS BY HIS GUARDIAN, MARY DAVIS,
AGAINST THE CHESAPEAKE & OHIO RY. CO. AND THE CINCINNATI
ELEVATED R. R. AND TRANSFER AND BRIDGE CO., FOR DAMAGES FOR
PERSONAL INJURIES TO SAID INFANT.—OCT. 23, 1900.

(Omitted in former reports.)

# Chesapeake & Ohio R. R. Co. v. Davis by &c.

APPEAL FROM KENTON CIRCUIT COURT—JAMES P. TARVIN, CIRCUIT
JUDGE.

JUDGMENT FOR PLAINTIFF, DEFENDANT APPEALS. AFFIRMED.

RAILROADS—JOINT LIABILITIES—NEGLIGENCE—OPERATION OF TRAINS—
EXCESSIVE VERDICT—INFANTS—WAIVER OF PARENT'S RIGHT TO
RECOVER FOR SERVICES.

1. Where a track on which a belated train was operated belonged
   to one company, and the engine to another, and the evidence as
   a whole warranted the conclusion that the train was operated
   by the two companies jointly, they were jointly liable for an
   injury resulting from the negligent operation of the train.
2. The jury was authorized to infer negligence from the fact that
   the train was run through a populous city with a piece of iron
   swinging in and out of the door of one of the cars.
3. A verdict of $10,000 for severe personal injuries to a boy nine
   years old is not excessive.
4. In an action by a mother as guardian of an infant son and in his
   name, to recover damages for personal injuries received by
   was not error to permit a recovery for the impairment of the
   boy's ability to earn money while still an infant, as the mother,
   by bringing the action and testifying therein, in effect trans-
   ferred to her son any cause of action she had by reason of his
   injury.

SIMRALL & GALVIN, FOR APPELLANTS.

### POINTS AND AUTHORITIES.

1st. Statement of case.

2d. Excessive damages.

3d. The verdict is not sustained by evidence, and is contrary to the weight of the evidence. The verdict and judgment of the court is contrary to law. L. & N. Railroad v. Wade, 18 Ky. Law Rep., 549; C. & O. Ry. Co., v. Perkins, 20 Ky. Law Rep., 608.

4th. Error in admission of evidence. Greene v. Southern Pacific Ry. Co., 13 Am. & Eng. R. R. Cases, 511.

5th. Error in permitting plaintiff to testify after other witnesses had been introduced in his behalf. Section 606, paragraph 4, Civil Code of Kentucky.

6th. Error in admitting evidence in rebuttal, impeaching witnesses without laying proper foundation therefor.

7th. Error in refusing to give peremptory instructions. L. & N. Railroad v. Wade, 18 Ky. Law Rep., 549; C. & O. Ry. Co. v. Perkins, 20 Ky. Law Rep., 608.

8th. Error in instructions given. C. & O. Ry. Co. v. Perkins, 20 Ky. Law Rep., 608; Brown's Admr. v. L. & N. R. R. Co., 17 Ky Law Rep., 145; Railroad v. Tinkham's Admr., 19 Ky. Law Rep., 1784; Louisville & Nashville R. R. Co. v. Wade, 18 Ky. Law Rep., 549; Louisville & Nashville R. R. Co. v. Clark's Admr., 20 Ky. Law Rep., 1375. at 1379.

9th. The instruction as to measure of damages enabled the minor to recover what belonged to his parents, viz., the impairment of his earning capacity, before he arrived at twenty-one years of age. Shearman and Redfield on the Law of Negligence, 5th edition, sections 760 and 763; Peppercorn v Black River Falls, 89 Wisconsin, 38; Texas Pacific Ry. Co. v. Morin, 66 Texas, 225; Same case, 18 Southwestern Reporter, 503; Covington Street Ry. Co. v. Packer, 9th Bush., 455; Union News Company v. Morrow, 20 Ky. Law Rep., 302; South Covington & Cincinnati St. Ry. Co. v. Herklotz, Jr., by his next friend, 20 Ky. Law Rep., 750.

HARVEY MEYERS AND W. S. PRYOR, FOR APPELLEE.

1. Ten thousand dollars for the loss of a limb of a bright boy nine or ten years old can not be said to be excessive. The damages awarded are purely compensatory, a fair equivalent in money for the pain and suffering of body and mind and for the impairment to earn money.

2. The question as to the boy's ability to earn money or his

damage from that source is one purely conjectural, and like
the damages for pain and suffering, the right to fix it must re-
side somewhere, and the law has decreed that it shall be with
the jury.

3. It was unquestionable negligence on the part of appellants
to send a car through the city with an overhanging obstacle
at its side. The contention that the railroad company owed
no duty to appellee is not sound. It owed a duty in this re-
gard to strangers.

4. For an injury to the person of a minor his guardian or next
friend may institute an action in the name of the infant to re-
cover damages for the injury and the loss of service to the ex-
tent that it impairs the ability of the infant to earn a living
after he arrives at maturity, but if the parent, as the next
friend or as guardian, includes in his action the loss of service
to which he, the parent, is entitled, that is the value of his
services during the child's minority; it is a waiver of the par-
ent's right and an assignment of all the parent's interest to
the infant for such services. The infant is emancipated to
that extent. This is neither a novel or new doctrine. Abeles
v. Bransfield, 19 Kansas, 16; Baker v. Flint & Pere Marquette
R. R. Co., 91 Mich., 298.

### AUTHORITIES CITED BY APPELLEE.

Jenkins v. L. & N. R. R. Co., 47 S. W., 761; L. & N. R. R.
Co. v. Grubbs, 49 S. W., 3; Graney v. St. L. I. M. & S. Rwy. Co.
(1897), 41 S. W., 246; C. & O. Rwy. Co. v. Perkins, 20 Ky. Law
Rep., 608; N. N. & M. V. Co. v. Deutzell, 12 R., 626; Shearman
& Redfield, sections 457-548-413 (and note); Central Passenger
R. R. Co. v. Kuhn, 86 Ky., 593; Loving v. Commonwealth to
use, 45 S. W., 773; L. & N. R. R. Co. v. Moore, 83 Ky., 675; L.
& N. R. R. Co. v. Mitchell, 87 Ky., 324.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, a little boy nine years old, by his mother and
guardian filed this suit to recover of appellant for personal
injuries sustained by him. The facts of the case, as shown
by the testimony for appellee, which the jury by their verdict
found in effect to be true, are as follows: Appellee was
sent by his mother to get for her two loaves of bread and a
can of tomatoes. He bought these, and on his way home had

to cross the railroad track. While waiting at the crossing, or near it, for a train to pass, he was standing about two and one-half or three feet from the train, looking in the direction in which it was going. He thus had his back to the rear of the train, and was caught by a crooked piece of iron projecting from one of the cars, by reason of the door being improperly secured, and carried along by the train, being unable for a time to loose the iron from his neck. When he at length got it loose, he fell to the ground and one of his feet getting thus under the wheels was run over, rendering amputation necessary.

Appellants contended that appellee jumped on the car to get a ride, and got his foot under the wheel in jumping off. The court, by apt instructions, submitted to the jury whether the injury was caused in this way, and whether appellee was guilty of contributory neglect in standing near the moving train with his back toward the cars that were approaching and passing him. And while the evidence would have sustained a verdict for the appellants we can not say the verdict for appellee is so against the evidence as to warrant us in setting it aside. The Constitution guarantees a jury trial in this class of cases. The reason of the rule is that the common judgment of twelve men of the average of the community, with their varied experiences, is more to be trusted on such questions of fact than the conclusion of a single judge, however learned. The jury hear and see the witnesses and have much better opportunity to detect falsehood than we can have from a transcript of the evidence given before them, and it is only where their verdict is palpably against the evidence that this court will disturb it. The evidence of appellee has not only the inherent odor of sincerity, but is supported by two other little boys, also eye witnesses, and by the bruise on his neck seen soon after he

fell, and not otherwise accounted for, as well as by the loaves of bread and the can of tomatoes dropped along the track.

The court properly refused the motion of either appellant for a peremptory instruction. The track belonged to one; the engine to the other, and the evidence on the whole warranted the conclusion that the train was operated by them jointly. To run a train through a populous city with an iron swinging in and out as this was shown to be was necessarily to endanger those on the highway along which it passed, and was evidence from which the jury might properly infer negligence. (Graney v. L. & N. R. R. Co., 41 S. W., 246; Shearman & Redfield on Negligence, sections 457, 458 and notes.)

The verdict is large ($10,000), but not larger than some which have been sustained by this court for like injuries. (L. & N. R. R. Co. v. Moore, 83 Ky., 675, 7 R., 646; L. & N. R. R. Co. v. Mitchell, 87 Ky., 327, 10 R., 211.)

There was no substantial error in the admission of evidence. The only instruction necessary to be noticed relates to the measure of damages. The court allowed the jury to find a fair compensation for the pain and suffering endured by appellee, and for the impairment of his ability to earn money by reason of the injury. Appellants insist that this should have been limited to his impairment to earn money after his arrival at twenty-one years of age on the ground that his parents were entitled to his services until his majority, and entitled to recover for any loss of his capacity to earn money.

His mother was a widow. Her right to his services until he was twenty-one she could release. She could assign to him any cause of action she had by reason of his injury, or she might release her right to his services during minority or emancipate him. This she might do by parol, and it

might be implied from circumstances, and thus the entire cause of action for the injury might have been vested in him.

The mother, as guardian of her son, and in his name, brought this suit, seeking to recover for the entire injury. She testified on the trial, and by herself and counsel employed by her has obtained a verdict for the entire matter. She could not, if she would, now maintain a separate action against appellants, or either of them, but is estopped to say the compensation for the entire injury was not properly adjudged to appellee. She had a right to forego her rights in favor of her maimed and helpless child, and having by her acts vested them in him, appellants can not complain.

In Abeles v. Bransfield, 19 Kans., 16, the action was brought in the name of the infant by his mother as next friend for a personal injury to him, and a recovery had just as in this case. It was contended on appeal that for the infant's loss of time the right of action was in the mother, and that the recovery by him was unauthorized. The court sustained the judgment, holding that the mother had thus given her claim to her son. It said: "A parent ought to have such power. By allowing the child to recover for loss of time and expenses it avoids the necessity for two suits. If no such power exists, then the parent must sue for the loss of time and expenses, and the child must sue for the injury, the pain, suffering, etc. This would require two suits where one ought to be sufficient. The law ought to be such that both actions might be united into one. It would save a great deal of trouble and expense. And no insuperable objection can be urged against such a union, that we are aware of. Primarily, we suppose that the right to compensation for loss of time and expenses belongs to the child. It is a part of his capital with which to procure his maintenance, support and education. But as the parent, as his guardian

or trustee, is responsible for all these, the parent, as such guardian or trustee, is allowed, in his or her own name, to recover such compensation. This is a privilege to the parent. But the parent may, as we think, waive this privilege, and allow the child to recover in his own name. And where the parent commences the action for such compensation in the name of the child, and as the next friend of the child, as Mrs. Bransfield did in this case, we think it must be conclusively presumed that the parent waives the privilege to sue for the same in his or her own name, and gives the same to his or her child, or perhaps, more properly speaking, it gives to the child the power to recover and use what really belongs to the child.

In Baker v. Flint, &c., R. R. Co., 91 Mich., 298, the same rule was followed. In that case there had been a recovery as here, in the name of the infant, suing by his father as next friend, and after this the father prosecuted a second suit in his own name for his loss of the infant's services. It was held he could not recover. The court said: "It appears that the plaintiff in this case, as next friend of his son, Oscar, took part in the trial of the former case, and insisted upon a recovery by his son for the very damages, that is, the value of the loss of Oscar's services, which he now seeks to recover in the present case. It is undoubtedly true that as a matter of law Oscar had no right in his suit to recover such damages without the consent of his father, but he did recover with the consent of his father, therefore, the father is now estopped from setting up claim for the same damages in this action in his own name. It is true that the earnings of a minor son belong to the father unless the father has given him his time and earnings; but the father can not recover such earnings when he has emanicipated him. (Schoenberg v. Voight, 36 Mich., 310; Allen v. Allen, 60 Id., 635; Bell v.

Bumpus, 63 Id., 375.) If the case here had been for the earnings of the minor son, and it appeared that in a former action by the son, the father acting as his next friend, he had recovered the value of his wages with the consent of the father, that fact would be held tantamount to manumission of the infant, so far as that suit was concerned, and the father would be estopped from recovery of the same wages. There can be no distinction between such a case and the present; and the fact that the father appeared and prosecuted as next friend was tantamount to a relinquishment of such loss of services."

We have found no contrary authorities; the rule above announced seems to us sound and just.

Judgment affirmed.

---

CASE 82—ACTION BY JENNIE SHEARER AND HER HUSBAND AGAINST
THE L. & N. R. R. Co., FOR DAMAGES FOR PERSONAL INJURIES TO
HER.—Nov. 27, 1900.

(Omitted in former reports.)