## CITY OF MISHAWAKA v. KIRBY.

[No. 4,658.    Filed January 14, 1904.]

MUNICIPAL CORPORATIONS.—*Injuries at Street Crossings.—Temporary Crossing.*—Where in the trial of an action against a city for injuries sustained by a pedestrian at a street crossing the jury found that the crossing was a temporary one it will not be conclusively inferred that it was the duty of plaintiff to anticipate that injury would be liable to occur from walking over it. *p. 236.*

SAME.—*Personal Injuries.—Special Findings.—Conflict With General Verdict.*—A general verdict for plaintiff in an action against a city for personal injuries sustained in passing over a temporary street crossing is not controlled by answers to interrogatories to the effect that there was a descent of two or three inches at the place where plaintiff took the step that resulted in her injuries, where it was not shown whether the descent was abrupt or gradual, and it was not shown whether she could have seen the street car track on which she caught her foot resulting in her injury. *pp. 235-237.*

From St. Joseph Circuit Court; *W. A. Funk*, Judge.

Action by Augusta Kirby against the city of Mishawaka. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. A. Howard* and *T. E. Howard*, for appellant.

*W. A. McInerny, F. H. Wurzer* and *George Bradshaw*, for appellee.

BLACK, J.—In an action against the appellant, there was a recovery by the appellee, Augusta Kirby, of a judgment for damages for a personal injury suffered by the appellee while walking across Second street, at its intersection with Main street, in that city, upon a wooden cross walk, placed there because the street had been excavated in preparation for paving it; the appellee's injury being occasioned by her falling by reason of striking her foot against an iron rail which projected upward from the surface, being one of the rails of a street railroad track which ran east and west, while she, in the night-time, was walking northward upon the board walk, the crossing being in a central and populous portion of the city, and much used by pedestrians at all times.

With a general verdict for the appellee, the jury returned answers to interrogatories, and the action of the court in overruling the appellant's motion for judgment on the answers to the interrogatories is presented for our consideration.

By their answers to interrogatories, of which there were eighteen, the jury specially found that the cross walk upon which the appellee fell was a temporary crossing, and she knew at the time of the injury that it was a temporary walk; that she knew, and for several weeks prior to the injury she had known, that Second street, at the place of the injury, was torn up and excavated for the purpose of constructing a new pavement thereon; that at the time of the injury she knew that the cross walk was made of planks, and there were two street railway tracks running across the cross walk, on Second street; that, as she approached the cross walk at the time of her injury, she was walking in the street, between the curb and the street railway tracks; that the south side of the cross walk leading from the curb on the south side of Second street to the south rail of the street railway track was on a level with that rail; that, in order to reach the

cross walk, she had to step up from the bed of the street upon the south side of the cross walk. "(9) Where plaintiff stepped over the south rail of the street railway track, was there a descent of two or three inches? A. Yes. (10) If you answer question nine 'Yes,' did plaintiff know of said descent as she took such step? A. No. (11) Where plaintiff took the second step, after crossing the south rail of the track, was there still a greater descent than that of passing over the south rail? A. Yes. (12) If you answer question eleven 'Yes,' did plaintiff know of this fact as she took such step? A. No." It was further found specially that the north rail of the south track of the street railway track was above the plank walk between the rails as much as two to four inches; that as she attempted to step over the north rail of the south track she did not look to see where that rail was; that at the time of the accident she was walking at an ordinary, brisk walk; that at the time she attempted to step over the north rail of the south track she did not make any effort to feel her position as to that rail; that the injury in question occurred at a point where the north rail of the south track of the street railway company crossed the east walk on Main street, at the crossing of Second street in the city of Mishawaka, Indiana, and the injury to the appellee occurred by reason of a fall caused by her tripping her foot on the north rail of the south street railway track at that crossing, as she was attempting to step over that rail.

It is argued on behalf of the appellant that these special findings show contributory negligence so conclusively that they can not be reconciled with the general verdict. In support of this position it is suggested by counsel that greater care is required in the performance of acts at a place where injury is liable to occur than where no injury is to be anticipated, and that greater precaution is required of a person who has knowledge of danger

and is familiar with the surroundings than of one who is ignorant of them.

Though the crossing over which the appellee was walking is called "temporary" by the insertion of that word in interrogatories answered in the affirmative, it is not to be inferred conclusively that it was the duty of pedestrians to anticipate that injury would be liable to occur from walking over it. It is scarcely necessary to repeat the often-stated rule that no intendments will be indulged in aid of the special findings, but that if, taken in connection with other facts which might have been shown in evidence, they are not irreconcilably in conflict with the general verdict, they will not control it.

It does not appear how long the wooden crossing had been in existence, or for what period it was intended to serve, though it is shown the appellee knew for several weeks that the street at the place of the injury was torn up and excavated for the purpose of making a new pavement. She also knew that there was a cross walk there, made of planks, and that there were two street railway tracks there. It can not be said that knowledge of these facts would necessarily impose a requirement to anticipate liability to injury from the cause by which the appellee was injured. In the absence of knowledge or notice of the danger which she actually encountered, she had the right to walk upon the crossing prepared for that use, exercising the care to be reasonably expected of an ordinarily prudent person under the circumstances. There was a descent of two or three inches where the appellee stepped over the south rail, but she did not know of this descent as she took the step, and where she took the second step after crossing that rail there was some greater descent —how much was not found—but she did not know of this descent as she took this step; and she did not look to see where the north rail was, or make any effort to feel her position as to it.

It is not found whether these descents were abrupt or gradual. They, however, were such that she in fact did not know of their existence as she walked on in an ordinary, brisk walk. It does not appear from the special findings that she could have seen the rail, or that it was not obscured or hidden by the darkness. Nor does it appear that there was not a good and sufficient reason why she walked in an ordinary, brisk walk, or that there was not some sufficient reason why she did not look for the unlawful obstruction, or feel her position with reference to it.

Notwithstanding the particular facts specially found, we can not say that it was not within the province of the jury to find, as they did in the general verdict, from all the evidence before them, which is not before us, that it was not sufficiently proved that the appellee did not exercise such care as might reasonably be expected of an ordinarily prudent person under the circumstances of the case; the burden of such proof being upon the appellant.

Judgment affirmed.