## HAMMOND, WHITING & EAST CHICAGO ELECTRIC STREET RAILWAY COMPANY *v.* BLOCKIE, BY NEXT FRIEND.

[No. 5,929. Filed November 19, 1907.]

1. TRIAL.—*Interrogatories.—Negligence. — Street Railroads. — Infants.*—Answers to interrogatories to the jury showing that defendant street railroad company ran its heavy train of freight-cars over a street crossing where another car was standing for the loading and discharge of passengers, the motorman knowing of the presence of plaintiff, a child of five years, show negligence in running over such child, where the motorman failed to check his cars or do anything except to sound his gong. p. 498.

2. SAME.—*Interrogatories.—Infants.—Non Sui Juris.—Finding of.* —Answers to interrogatories to the jury that plaintiff was an infant, five years old, and of average intelligence, are not necessarily equivalent to a finding that such infant was capable of exercising some care for its safety. p. 501.

3. SAME.—*Interrogatories.—Infants.—Appreciation of Dangers.*— Answers to interrogatories to the jury, in a personal injury case, showing that plaintiff was an infant, five years old, and of average intelligence, do not contradict the complaint alleging that such infant was too young to appreciate the danger or to exercise caution or discretion. p. 501.

4. WORDS AND PHRASES.—*"Appreciate."*—To "appreciate" a danger imports that the person is sensible thereof, or is able to judge thereof after considering all of the circumstances. p. 501.

5. INFANTS.—*Capacity.—Question for Jury.—Street Railroads.*— Whether an infant five years old is capable of appreciating the danger of being run over by a street-car is essentially a question for the jury, and its verdict is ordinarily conclusive on appeal. p. 502.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by Alice Isabel Marie Blockie, by her next friend, against the Hammond, Whiting & East Chicago Electric Street Railway Company. From a judgment on a verdict for plaintiff for $14,000, defendant appeals. *Affirmed.*

*Crumpacker & Moran* and *A. F. Knotts,* for appellant.

*W. J. McAleer* and *N. L. Agnew,* for appellee.

HADLEY, J.—This is an action brought by appellee, by her next friend, against appellant for injuries sustained by being

struck and run over by a work-train operated by appellant. Upon issue joined trial was had by a jury, which returned a general verdict in favor of appellee and answers to seventy-two interrogatories. Appellant's motion for a judgment on the answers to interrogatories was overruled. The action of the court in overruling this motion is the only error assigned. Counsel for appellant insist that their motion should be sustained for the reasons, (1) that the answers to interrogatories show that appellant was not guilty of any negligence that caused appellee's injury; (2) that the complaint proceeds upon the theory that appellee was incapable of appreciating danger, and that the answers to the interrogatories show that she was capable of exercising some degree of care for her own safety, and that she failed to exercise any.

The averments of the complaint bearing upon the question of negligence are, in effect, that appellant ran a heavily-loaded work-train at a reckless and careless rate of speed—ten miles per hour—over a street crossing, without sounding its gong or giving any signal of its approach, at a time when there was another car, bound in an opposite direction, standing on said crossing to receive and unload passengers, and when appellant's servants knew of appellee's presence at said place; that appellant was negligent in using a train, the motor-car of which was in front, and which motor-car had no fender in front to prevent persons from being thrown underneath; that, by reason of the absence of such fender, appellee was, when struck by the car, thrown underneath said car and between the wheels thereof, and was thereby crushed and maimed. The averments of the complaint on the question of the capacity of said appellee are as follows: "That on said date said plaintiff, Alice Isabel Marie Blockie, was a child five years of age —too young to be capable of appreciating danger or to have proper caution and discretion—active, bright, intelligent, and had always been and was perfectly healthy."

The answers of the jury to interrogatories on the question of negligence show, that there was no fender on the front of defendant's motor-car that struck appellee; that the presence of such fender would have prevented the injury by throwing her to one side of the track; that the gong on the motor-car was sounded as it approached the crossing; that, though the gong was sounded on such approach, yet, under the circumstances, such sounding could not have prevented the injury; that an ordinarily prudent person would have expected a child, so young as to be unable to appreciate danger, to be upon the street at the time and place appellee was injured; that a reasonably prudent person, in the position of appellant's motorman on the motor-car, would have reasonably expected appellee to run or go from her position east of the north-bound passenger-car around the rear end thereof to the place where she was injured; that the motor-car was running at the rate of ten miles an hour; that it ran thirty feet after it came in contact with appellee before it stopped; that under all the circumstances said car could not be stopped in a shorter distance; that the work-car was running at an unusual rate of speed, under the circumstances, when it struck appellee; that the motorman on the work-car did not do all that a reasonably prudent person would have done under like circumstances to prevent the injury in that he ran his train too fast at the crossing, omitting to slow up at all, and failed to exercise the necessary vigilance and care for the safety of people coming from the east side of the north-bound car; that reasonable foresight on the part of the defendant, and of a reasonably prudent man as a motorman, would have prevented the accident; that appellant's motorman first saw appellee as she crossed the track in front of his car, going towards the east track; that said motorman saw the appellee in time to stop his car before the appellee came in contact therewith.

Also the following interrogatories were submitted and

answered: "(70)  Was there anything in the surroundings or circumstances that reasonably would put the motorman of the work-train on notice that some one was at, or about to cross, the street-car tracks in front of his car on Chicago avenue at the time of the injury?  A.  Yes.  (71) Did the motorman have any reasonable expectation that the plaintiff would, or was about to cross the street-car track in front of his car on Chicago avenue?  A.  Yes.  (72)  Was there anything in the surroundings or circumstances that reasonably would put the motorman of the work-train on notice that the plaintiff was apt to, or about to cross the street-car track in front of his car on Chicago avenue at the time of the accident?  A.  Yes."  It is unnecessary to offer any discussion upon the proposition that these answers are not in irreconcilable conflict with the allegations of the complaint, together with all facts provable under the issues and all inferences that may be given thereto.  And unless such answers present such facts the general verdict must stand. *City of Mishawaka* v. *Kirby* (1904), 32 Ind. App. 233; *Princeton Coal, etc., Co.* v. *Roll* (1904), 162 Ind. 115; *Albany Land Co.* v. *Rickel* (1904), 162 Ind. 222.  On the contrary, these answers affirmatively show facts fully warranting the jury in ascribing negligence to appellant.  The running of a heavy train of work-cars, drawn by a motor-car without any fender in front, at a high rate of speed along the streets of a city, over a crossing where another car was standing, loading and unloading passengers, the knowledge of the motorman of appellee's presence near the track, of her intention to cross, her immature years and lack of discretion, easily discernible, with no effort on his part to stop the car, check the speed thereof, or avoid the accident, except the sounding of the gong, which may not have been heard on account of the intervening car—all presented a state of facts that warranted the jury in saying that appellant did not exercise the care and caution that the law requires and humanity and prudence demand.  *Citizens St. R. Co.* v.

*Hamer* (1902), 29 Ind. App. 426; *Indianapolis, etc., R. Co.* v. *Pitzer* (1887), 109 Ind. 179.

Upon the question of appellee's capacity, the answers to interrogatories show that appellee was injured on May 23, 1904; that she was six years old in July, 1904; that she was an apt girl, of average intelligence and ordinary judgment for a child of her age. It is contended by the appellant that the theory of appellee's complaint was that appellee was *non sui juris;* that, since the answers to interrogatories show that she was capable of exercising some care for her safety, they are in irreconcilable conflict with the general verdict, and the latter cannot stand. The question is not fairly put by appellant. The jury did not find that appellee was capable of exercising some care for her own safety. What the jury did find was that she was about five years and ten months old, and of average intelligence. This is not equivalent to saying that she was capable of exercising some care for her own safety. But if we were permitted to presume that the two statements were equivalent, yet this would not be, necessarily, in irreconcilable conflict with the allegations of the complaint. These averments were that she was too young to be capable of appreciating danger or to exercise care and discretion. To appreciate the danger of coming in contact with a car means more than to know that such contact will injure. Webster defines ''appreciate'' as follows: ''To be sensible of; to distinguish; * * * as compared with estimate it supposes a union of sensibility with judgment, producing a nice and delicate perception.'' So, to be able to appreciate the danger of crossing a street-car track in front of a moving car, a person must be capable of having at least some idea of the speed at which the car is moving, the distance it is likely to travel in a given time, and the distance such person may travel either running or walking, as the case may be, in the same time. We do not mean to say that this comprehension must be

exact, but there must be sufficient mental capacity to form some idea of these matters; and we cannot say, as a matter of law, that a child five years and ten months old, of average intelligence, whatever that may mean, has such mental capacity. Neither do we say that such a child is *non sui juris*. It is unnecessary in passing upon this case to determine that question.

By the general verdict the jury found appellee was incapable to the extent, at least, as averred in the complaint. And certainly this court cannot say that, by finding she was five years and ten months old, and of average intelligence, the first finding is incorrect or thereby overthrown. There is a time in the life of a child when the courts refuse to say whether such child is conclusively presumed to be *sui juris* or *non sui juris,* and during this period the courts all agree that the question of capacity is one of fact to be determined by the jury. In the case of *Cleveland, etc., R. Co.* v. *Klee* (1900), 154 Ind. 430, the court said: "A child nine years old has passed the age when the law conclusively affirms that he is incapable of negligence; and, on the other hand, he has not reached the age when the law definitely pronounces his conduct negligent or prudent by the rules applicable to adults. Regarding the conduct of a child between the age when he is conclusively presumed to be incapable of negligence and the age when he is conclusively presumed to be negligent under the same circumstances that would reveal an adult's negligence, the law is neutral; it lays down no conclusive presumption. Of such a child it cannot be said as a matter of law that his age shows him either incapable or capable of negligence. That question is to be determined as a fact in every such case." *Citizens St. R. Co.* v. *Hamer, supra.* Whether appellee had passed the age at which we could affirm that she was *non sui juris* is immaterial. Certainly she had not attained the age at which we could affirm that she was *sui juris.* It was a question of fact for the jury, and the jury declared in accordance

with the allegations of the complaint, and foreclosed the question.

There being nothing in the interrogatories in irreconcilable conflict with the general verdict, the cause is affirmed.