## Louisville, Henderson & St. Louis Railway Company v. Lyons, et al.

(Decided December 2, 1913).

### Appeal from Breckinridge Circuit Court.

1. Parent and Child—Right of Parent to Recover Separate Damages for Injury to Child.—Where a child has been injured by the negligence of another, two causes of action arise; one in the parent to recover damages for the loss of services during minority and for expense incurred in care and attention to the child; and the other in the child to recover for pain and suffering and impairment of his power to earn money after reaching his majority.

2. Parent and Child—Parent May Waive Right to Sue—What Will Amount to Estoppel.—A parent may waive in favor of his child the right to sue, and when he does, the child may recover, in an action instituted by him, the whole of the damages that might have been recovered by both the parent and child if each had brought separate suits. And when the parent has actual notice of an action instituted by his child, and of the nature and extent of the amount of recovery sought by the child, and it includes all damages that might have been recovered by both parent and child if two actions had been brought, and he interposes no objection to the suit by the child and does not assert his right to recover the damage to which he was entitled, he will be estopped,

after a trial and judgment in favor of the child, to bring suit for the amount he might have recovered if his action had been brought in seasonable time.

J. R. SKILLMAN, FRANK C. MALIN and R. A. MILLER for appellant.

CLAUDE MERCER for appellees.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROLL—Overruling.

Counsel for appellant, in a petition for a rehearing in this case, which is reported in 155 Ky., 396, raise a ground for reversal not mentioned in the briefs or in the opinion. The instruction on the measure of damages allowed McKinley Lyons, who was not sixteen, to recover damages for any permanent impairment or reduction of his power to earn money from the date of the injury.

It is now urged that this was error, as his father was entitled to his services until he became twenty-one, and so the cause of action to recover for the impairment of his power to earn money from the date of his injury to the date of his majority was in the father and not the son, and the son could only recover for the impairment that might exist after he became twenty-one.

We have written in many cases that, when a child is injured as McKinley Lyons was, two rights of action arise: One in the father to recover for the loss of the services of his child from the date of the injury until he attains his majority, and for the expense he has incurred in effecting or attempting to effect a cure, and compensation for his care and attention; the other in the child to recover for his pain and suffering, and the impairment of his power to earn money after he reaches his majority. Interstate Coal Co. v. Trivett, 155 Ky., 795; Akers v. Fulkerson, 153 Ky., 228; Cincinnati, New Orleans & Texas Pacific Railway Co. v. Troxell, 143 Ky., 765; Hendrickson v. Louisville & Nashville Railroad Co., 137 Ky., 562; Meers v. McDowell, 110 Ky., 926; Slaughter v. Nashville, Chattanooga & St. Louis Ry. Co., 28 Ky. L. R., 665.

But the parent may waive his right to assert a claim for the damages to which he is entitled and permit the child to recover the full amount to which the father and child would both be entitled if separate suits were

brought by each. In Chesapeake & Ohio R. R. Co. v. Davis, 119 Ky., 641, in answer to an objection made to an instruction similar to the one given in this case the court in speaking of the waiver by the mother of her right to sue said:

"Her right to his services until he was twenty-one she could release. She could assign to him any cause of action she had by reason of his injury, or she might release her right to his services during minority or emancipate him. This she might do by parol, and it might be implied from circumstances, and thus the entire cause of action for the injury might have been vested in him."

Applying the principle announced in the Davis case to the facts of this case, we think the father of McKinley Lyons waived his privilege or bringing a suit to recover the damages he might have recovered when, with actual notice of the nature and effect of the action brought by the son and the amount and character of damages he was seeking to recover, he did not make any objection or institute any action or seek in any manner to assert his right to a portion of the recovery.

Although, as we have stated, two causes of action arise, it is of course better that only one suit should be brought, as in one suit brought by the child a recovery can be had for the full amount of damages that could be secured if the two suits were brought. So that when the parent has actual notice of the suit brought by his child and of the nature and extent of the amount he is seeking to recover and it embraces all the parent might recover and he fails to interpose any objection or bring for himself an independent action before there has been a trial and judgment in the suit brought by his child, he will be deemed to have waived his right in favor of the child and be estopped from instituting a new action to recover such damages as he might have recovered by the assertion of his right to do so in seasonable time.

The petition for a rehearing is overruled.