## Helm v. Phelps, By, et al.

(Decided March 11, 1914.)

Appeal from Fayette Circuit Court.

1. Parent and Child—Father Entitled to Son's Services During His Minority—Right in Father Alone to Sue for Impairment of Earning Capacity.—A father is entitled to his son's services during his minority, and the right to sue for a loss of time or diminution of the earning capacity of a son during his minority is in the father alone.

2. Infants—Action by Minor for Impairment of Power to Earn Money.—Where a minor brought an action for damages for an impairment of his power to earn money, his recovery can only be for an impairment of his capacity to earn money after he is 21 years old.

3. Infants—Action for Impairment of Earning Capacity.—Where a minor sued by his sister as his next friend for damages for loss of time and for the impairment of his earning capacity, and the record failed to show that the minor's father had actual notice of the suit, or that he failed to interpose any objection before trial and judgment of the son's suit, there was no waiver by the father of his right to claim or sue for damages for the son's loss of time, or an impairment of his earning capacity during his minority.

4. Automobiles—Duty of Chauffeur.—It is the duty of a chauffeur to run his automobile at a reasonable speed.

HUNT, BULLOCK & HUNT for appellant.

KIMBALL & HUNTER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

While riding a bicycle along North Limestone street, in Lexington, Ky., on April 16, 1912, the appellee, Herman Phelps, a boy sixteen years of age, collided with an automobile owned by the appellant Helm, and driven by his colored chauffeur.

Phelps, by his sister, Mamie Phelps, as his next friend brought this action for damages, itemizing them as follows: Injured bicycle $25.00; physician's bill $25.00; 16 weeks' loss of time, $50.00; personal injuries and impairment of his power to earn money, $10,000.00.

Phelps recovered a verdict and judgment for $1,000, and Helm appeals.

1. It is contended that in permitting the appellee, over the appellant's objection, to testify generally as to the impairment of his earning capacity, and also as to his loss of time, and in allowing him by the sixth instruction to recover for those items, the court erred to the substantial prejudice of appellant. The obnoxious instruction reads as follows:

"If the jury find for the plaintiff they will award him such sum in damages as they may believe from the evidence will fairly and reasonably compensate him for the injury done to his bicycle, not exceeding $25.00; for medical attention not exceeding $25.00; for loss of time, if any proved, not exceeding $50.00; and such further sum as they may believe will fairly and reasonably compensate him for any suffering he may have endured, mental or physical, or as they may reasonably believe he will hereafter endure, and for any permanent diminution in his power to earn money, if any proved, as the direct result of his said injuries not exceeding in the aggregate $10,000.00. The allowance, if any, for impairment of his power to earn money, if any, to begin when his allowance for time lost, if any allowed, ended."

This objection is based upon the fact that, under the law, the father is entitled to his son's services during his minority; that the consequent right to sue for a loss of time or diminution of the earning capacity of his son during his minority is in the father alone, and that the minor son's recovery can only be for an impairment of his capacity to earn money, after he is 21 years old.

This rule is fully recognized in Ewing & Sons v. Callahan, 32 Ky. L. R., 46; 105 S. W., 388; South Covington Street R. R. Co. v. Herrklotz, 104 Ky., 418; Rounds Bros v. McDaniel, 133 Ky., 669, and Interstate Coal Co. v. Trivett, 155 Ky., 795.

The instruction, however, did not so limit appellee's measure of recovery.

Appellee conceded that the sixth instruction is technically erroneous, in not restricting his recovery for the impairment of his power to earn money, to the period succeeding his majority, and that the instruction as drawn improperly permits him to recover for about five years under that item of damage, which really belongs to his father.

2. Appellee insists, however, that his father waived his right to recover for the period of appellee's minority and that his right to waive is supported by the opinion of this court in L., H. & St. L. Ry. Co. v. Lyons, 156 Ky., 222. In that opinion, after fully recognizing the right of the father to recover for the loss of the services of his child from the date of the injury until he attains his majority, and for whatever expense he has incurred in effecting, or attempting to effect a cure, and compensation for his care and attention, and the separate right of the child to recover for his pain and suffering, and the impairment of his power to earn money after he reaches his majority, the court said:

"But the parent may waive his right to assert a claim for the damages to which he is entitled and permit the child to recover the full amount to which the father and child would both be entitled if separate suits were brought by each."

In support of the position taken in the Lyons case, the court quoted from the opinion of this court in C. & O. Ry. Co. v. Davis, 119 Ky., 641, in answer to an objection made to an instruction similar to the one above set forth. In the Davis case it was claimed the mother had waived her right to sue, and in upholding that waiver, this court said:

"Her right to his services until he was twenty-one she could release; she could assign to him any cause of action she had by reason of his injury, or she might release her right to his services during minority or emancipate him. This she might do by parol, and it might be implied from circumstances, and thus the entire cause of action for the injury might have been vested in him."

In sustaining the waiver in the Lyons case, the court apparently intended to enlarge the rule of estoppel applicable to cases of this character, by saying:

"So, when the parent has actual notice of the suit brought by his child, and of the nature and extent of the

amount he is seeking to recover, and it embraces all the parent might recover, and he fails to interpose any objection or bring for himself an independent action before there has been a trial and judgment in the suit brought by his child, he will be deemed to have waived his right in favor of the child, and be estopped from instituting a new action to recover such damages as he might have recovered by the assertion of his right to do so in reasonable time.''

It will thus be seen that the waiver is rested upon the fact of notice to the father of his son's suit to recover damages primarily recoverable by the father only, and the father's failure to interpose any objection before trial and judgment in the son's suit.

In the case at bar Herman Phelps' mother and brothers testified in his behalf, but the record fails to connect his father with this action in any way, or to show that he had notice of it, beyond the fact that Herman lived with his father and his mother.

Appellant insists that the doctrine announced in the Lyons case, *supra,* is not only erroneous and should be overruled, but that it is not controlling in this case. It is claimed that it is in direct conflict with C., N. O. & T. P. Ry. Co. v. Troxell, 143 Ky., 765, and other cases, and cannot be sustained under Sections 19, 22 and 24 of the Civil Code relating to the assignment of causes of action.

He also calls attention to the fact that in the Davis case and in the Troxell case the parent having the right to sue for the damages recoverable during the child's minority, was the guardian and the plaintiff in the action —thereby making the waiver one of record.

We do not consider it necessary, however, to review the decision in the Lyons case, since it is clear that the facts of this case do not bring it within the doctrine there announced. As above stated, it is not shown that appellee's father had notice of his son's suit, or, that he failed to interpose any objection thereto. Nothing appears upon the subject; and, that being true, the rule announced in the Lyons case has no application here.

It follows, therefore, that the ruling of the court in admitting evidence of appellee's loss of time and the impairment of earning capacity during his minority, and in giving the seventh instruction under that evidence, constituted a reversible error.

3. As the case will have to be remanded for a new trial, it is proper to call attention to some of the other instructions to which objection has been made.

Instructions 1 and 2 were misleading, when taken in connection with the other instructions, and should not have been given, for that reason. It would have been proper, however, for the court to give an instruction defining the respective duties of the plaintiff and the defendant, preliminary to the other instructions. The fifth instruction embodies this idea to some extent, coupled with the law of contributory negligence. The instruction upon this point should not, however, be duplicated.

The third instruction, which directs a verdict for the defendant if the plaintiff ran his bicycle into defendant's automobile at a time when the chauffeur in charge thereof could not, by the exercise of ordinary care in the use of the means at his control, have stopped said automobile, should have imposed upon the chauffeur the further requirement of running the automobile at a reasonable speed. This qualification has been usually incorporated in instructions covering cases of this character.

For the error above indicated, the judgment is reversed, and the action remanded for a new trial.