FRANCES ALTIERI ET AL., PLAINTIFFS, v. PUBLIC SER-
VICE RAILWAY COMPANY, DEFENDANT.

Argued October 8, 1924—Decided April 11, 1925.

1.  It is the settled rule that testimony of a medical expert as to the condition of a plaintiff, which is based, to some extent, upon information received from third persons, is incompetent, where the expert has been employed to make an examination of the plaintiff solely for the purpose of qualifying himself as a witness, and not for the purpose of treating the patient.
2.  The right of cross-examination is not unlimited, but is subject to control by the trial court, and where such control is properly exercised, the judicial action cannot properly be complained of.
3.  The law presumes that a child not over six years of age, injured by being run over by a trolley car while crossing a street, has not contributed by his or her negligence to the happening of the accident. But this presumption is not conclusive, and may be rebutted by proof to the contrary, and where there is such proof, the question of the contributory negligence of the infant becomes one of fact, to be determined by the jury.
4.  An instruction by the trial court in an action to recover damages suffered by plaintiff in consequence of being run over by a trolley car on a public highway, that "if the jury find that the defendant was negligent in any degree or manner, they must

give a verdict for the plaintiff, even though the plaintiff little girl may have contributed to the accident," is too broad, for the negligence of the trolley company, no matter what its degree, must be the proximate cause of the accident, to render the trolley company liable.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Leonard J. Tynan.*

*Contra, John A. Matthews.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action brought to recover compensation for injuries received by Frances Altieri, an infant less than six years of age, through being run down by a car of the defendant company while crossing Norfolk street, in the city of Newark, in the latter part of March, 1923, and for expenses incurred by her father consequent upon such injuries. The jury awarded a verdict of $5,000 in favor of the child and allowed the father $250.

The first ground upon which we are asked to make this rule absolute is that the verdict in favor of the child is excessive. This ground, however, was not pressed on the argument, and without the aid of counsel we are unable to perceive any merit in it.

Next, it is contended that the rule should be made absolute because of an alleged error in permitting one Dr. Mamlet to testify with relation to a bladder injury from which it was alleged the child was suffering as a result of the accident. It was shown that the child, after receiving the injury complained of, was taken to the city hospital for treatment; that Dr. Mamlet was upon the medical staff of that hospital, and treated the child during the months of April and May, 1923. He left the service of the hospital about the 1st of July in that year, and, apparently, never saw the child again

until April, 1924, when he called to see the child, apparently for the purpose of qualifying himself as a witness to testify to her then physical condition. He was asked by counsel for the plaintiffs whether he made any examination with reference to the then bladder condition of the child, and answered in the negative. The question was then put to him whether he had at that time obtained a history of the case, and answered that he had from the father and step-mother of the child. He was then asked whether from the history received from the father and step-mother and from the examination he made he could say whether or not there was a subsisting injury to the bladder. This question was objected to, the objection was overruled, and the witness testified, "There is." In our opinion this testimony was improperly admitted. In *Birtwistle* v. *Public Service Railway Co.*, 94 N. J. L. 407, it was held that the testimony of a medical expert as to the condition of a plaintiff, which was based to some extent upon information received from third persons, was incompetent where the expert had been employed to make an examination of the plaintiff solely for the purpose of qualifying himself as a witness, and not for the purpose of treating the patient. This is the settled rule with relation to such testimony, and its admission in the present case was, we think, harmful error.

It is further argued as a ground for making the present rule absolute that the trial court erroneously limited the cross-examination by defendant's counsel of a witness named Mulvaney, who was produced by the plaintiff. The right of cross-examination is not unlimited, but is subject to control by the trial court, and where such control is properly exercised the judicial action cannot properly be made a ground of complaint. In the present case our reading of the testimony of the witness referred to satisfies us that, in restricting the cross-examination of the witness to the extent indicated in the state of the case, the trial court exercised a proper discretion.

It is next contended that the trial court erred in instructing the jury that "no contributory negligence can be at-

tributed to this child, because she was of too tender years." No exception, however, was taken to this instruction, and the defendant cannot, therefore, as a matter of right, avail itself of the alleged error. It seems to us proper, however, as the case must be retried, to point out that this instruction was not altogether accurate. The law presumes that a child not over six years of age, injured under circumstances similar to those existing in the present case, has not contributed by his or her negligence to the happening of the accident. But this presumption is not conclusive, and may be rebutted by proof to the contrary; and, where there is such proof, the question of whether the infant was or was not guilty of contributory negligence becomes one of fact to be determined by the jury, and not one of law, to be determined by the court. *Baker* v. *Public Service Railway Co.*, 79 *N. J. L.* 249; *Rinaldi* v. *Levgar Structural Co.*, 97 *Id.* 162.

Lastly, it is contended that the trial court erred in charging the following request submitted by counsel for the plaintiffs: "If the jury find that the defendant company was negligent in any degree or manner they must give a verdict for the plaintiff, even though the plaintiff little girl may have contributed to the accident." This instruction was broader than it should have been, for the negligence of the trolley company, even if such negligence "in any degree or manner" was found by the jury to have existed, would not have rendered the defendant company liable for the injuries received by the infant plaintiff unless it was the proximate cause of the accident (*Wiley* v. *West Jersey Railroad Co.*, 44 *N. J. L.* 247; *Newark, &c., Railroad Co.* v. *McCann*, 58 *Id.* 642; *Balton, Admr.,* v. *Public Service Corp.*, 75 *Id.* 857), and this limitation should have been expressed in the charge. But, although the charge was objectionable in the respect indicated, we are inclined to think the defendant could have suffered no harm thereby, for the jury necessarily, as it appears to us, must have assumed that, in what the trial judge stated, he was dealing with the alleged negligence of the defendant's motorman in the operation of the trolley car.

The rule to show cause will be made absolute.