## NATIONAL CITY DEVELOPMENT CO. v. McFERRAN.
### No. 529.

Municipal Court of Appeals for the
District of Columbia.

Oct. 29, 1947.

John J. Leahy, of Washington, D. C., (Daniel W. O'Donoghue, Jr., of Washington, D. C., on the brief), for appellant.

Maurice A. Guervitz, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff, a five-year-old boy, brought suit through his father and next friend claiming that defendant company, which was constructing certain houses across the street from his home, had negligently left a fire unattended and that as a result of such negligence plaintiff's clothing caught fire and he was injured. He claimed $150 for hospital and doctor bills and $2,850 for

his injuries. The jury awarded him $1,500 and defendant appeals.

The first error assigned relates to the refusal of the trial judge to exclude testimony concerning medical expenses totaling $150 incurred by the infant plaintiff's father as a result of the injuries. Appellant contends that the claim for medical expenses belonged to the father exclusively and that the child had no right to recover such items of damage. Appellant relies strongly on the Annotation in 37 A.L.R. at page 29. There the general rule is stated, and supported by decisions, that medical expenses are recoverable by the father and not by the child "if the parties are in the usual situation with respect to recovery." Earlier, at page 14, of the same volume, the author of the annotation pointed out that one of the elements of such "usual situation" was that the parent had "in no way lost his right of recovery of the items of damage accruing to him upon his child being injured."

In this case, not only was the item of medical expenses specifically claimed in the infant's suit, but before the testimony complained of was admitted, the father testified that "he had made no demand upon the defendant for the payment of said special damages, had not filed and did not intend to file any suit in his own behalf against the defendant for the recovery of said special damages and that he had emancipated his said minor son with respect to the claim for said special damages and had decided at the time of the institution of the present suit that the claim for said special damages would be made on behalf of his said infant son." From this testimony it seems plain that the father had explicitly waived his claim for medical expenses in favor of his son, divested himself of the right to sue thereon, and transferred such right to the son. The transfer was complete and unequivocal. It was accomplished not by implication, but by direct and personal action in open court. To these facts a recent federal decision is clearly applicable. Hazeltine v. Johnson, 9 Cir., 92 F.2d 866, 869. There the court said that "* * * under the great weight of authority a parent who seeks as guardian ad litem of his minor child to recover for loss of time or earnings of the minor, or for medical services incurred on behalf of the latter, is variously held to have waived or relinquished to the minor his rights in this respect, or to have emancipated the minor, or to have estopped himself from thereafter recovering for these items in a suit in his own name. In the numerous cases so holding, recovery on these accounts has generally been permitted in the suit brought on behalf of the minor." [1]

We do not wish to be understood as approving, as model procedure, that which the plaintiff followed in this case. Under Municipal Court Rule 20, modelled after Federal Rules of Civil Procedure, rule 20, 28 U.S.C.A. following section 723c, parties asserting claims arising out of the same transaction or occurrence are given the right to join their claims in one action. Such joinder has become established as a completely satisfactory procedure in hundreds of cases in the federal courts, and in the Municipal Court as well. It provides an orderly method for getting all claims before the court in one action. It should be followed in future cases.

Appellant's second assignment of error attacks that part of the judge's charge in which he told the jury that they could not hold the infant plaintiff guilty of contributory negligence. In an earlier part of his charge the judge had told the jury: "That the care and caution required of an infant of tender years is different from that demanded of an adult. A lessor degree of care is required of an infant of tender years and this depends on his age and knowledge. Of a child three years of age, less caution would be required than one of seven, and of a child of seven years, less care and caution than one of twelve or fifteen. The caution depends upon the ma-

---

[1] See also Abeles v. Bransfield, 19 Kan. 16; Helm v. Phelps, 157 Ky. 795, 164 S.W. 92; Louisville, H. & St. L. R. Co. v. Lyons, 156 Ky. 222, 160 S.W. 942; Zongker v. People's Union Mercantile Co., 110 Mo.App. 382, 389, 86 S.W. 486; Chesapeake & O. R. Co. v. Davis, 119 Ky. 641, 60 S.W. 14.

turity and capacity of the child and this is determined by the circumstances of each case."

And later proceeded to tell them specifically that: "In the eyes of the law a child of five years lacks that discretion as to make him responsible for his conduct and that he is legally incapable of contributory negligence, or being a trespasser."

Appellant challenges the correctness of the instruction which in effect declared the law to be that a child of five is conclusively presumed to be incapable of contributory negligence. This question has been the subject of wide debate, and conflicting decisions. The question derives from the rule of the common law that a child under seven was conclusively presumed incapable of committing a felony and was not punishable for a capital offense.[2] As applied to negligence cases sharply conflicting rules have been followed by the state courts and in a few federal cases, dependent somewhat upon the exact age of the infant and somewhat upon the nature and cause of injury. The decisions on the subject have been assembled in an exhaustive annotation in 107 A.L.R. commencing at page 8. There many cases are listed which present the varying approaches the courts have taken to the subject, some holding that the question of the infant's contributory negligence is to be determined according to the circumstances of each case and others adhering to the strict view that a child of five must be conclusively presumed incapable of contributory negligence.[3]

In state jurisdictions many courts have said that it is a question of fact—that the capacity of a child to understand and appreciate danger and whether he has acted as a child of his age, intelligence, and experience should is a question for the jury, not the court. This rule has been followed where the child was less than five[4] and repeatedly in the case of children between five and seven.[5] It is also the rule adopted long ago in Maryland with reference to a child between five and six. McMahon v. Northern Cent. Ry. Co., 39 Md. 438, in which the court said: "The evidence has been carefully examined and deliberately considered, and we are of opinion that the question of contributory negligence on the part of the plaintiff ought to have been submitted to the jury." Also of importance is the statement on the subject to be found in the Restatement of the Law of Torts, Negligence, Section 283, where we find the following comment:

"A child of tender years * * * is to be judged by the standard of behavior to be expected from a child of like age, intelligence, and experience. * * * In so far as concerns the child's capacity to. realize the existence of a risk, the individual qualities of the child are taken into account. * * *

"It is impossible to fix the definite age at which children are capable of negligence

---

[2] Allen v. United States, 150 U.S. 551, 14 S.Ct. 196, 37 L.Ed. 1179.

[3] Among the cases taking the latter view are Northern Pac. R. Co. v. Chevernak, 9 Cir., 203 F. 884; Shellaberger v. Fisher, 8 Cir., 143 F. 937; Luhman v. Hoover, 6 Cir., 100 F.2d 127, decided according to Indiana law; Poe v. Chesapeake & Ohio Ry. Co., D.C.E.D.Ky., 64 F.Supp. 358, decided according to Kentucky law.

[4] Camardo v. New York State Rys., 247 N.Y. 111, 159 N.E. 879; McDonough v. Vozzela, 247 Mass. 552, 142 N.E. 831; Hine v. Aird-Don Co., 232 App.Div. 359, 250 N.Y.S. 75.

[5] Charves v. San Francisco–Oakland Terminal Rys., 44 Cal. 221, 186 P. 154; McMahon v. Northern Cent. Ry. Co., 39 Md. 438; Clary Maytag Co. v. Rhyne, 41 Ga.App. 72, 151 S.E. 686; Wells v. McNutt, 136 Tenn. 274, 189 S.W. 365; Hamlin v. N. H. Bragg & Sons, 128 Me. 358, 147 A. 602; Quisenberry v. Gulf Production Co., Tex.Civ.App., 63 S.W.2d 248, affirmed 128 Tex. 347, 97 S.W.2d 166; Mulin v. St. Louis Transit Co., 196 Mo. 572, 94 S.W. 288; Mize v. Duffy, 106 Cal.App. 15, 288 P. 798; Thomsen v. Reibel, 212 Minn. 83, 2 N.W.2d 567; City of Knoxville v. Camper, 21 Tenn.App. 210, 108 S.W.2d 787; Altieri v. Public Service R. Co., 101 N.J.L. 241, 128 A. 547; Johnson's Adm'r v. Rutland R. Co., 93 Vt. 132, 106 A. 682; Jorgenson v. Crane, 92 Wash. 642, 159 P. 796; Hammond W. & E. C. Electric St. R. Co. v. Blockie, 40 Ind.App. 497, 82 N.E. 541; Grant v. Bangor Ry. & Electric Co., 109 Me. 133, 83 A. 121; Barger v. Bissell, 188 Mich. 366, 154 N.W. 107.

or to fix the age at which a child, or any class of children, is able to appreciate and cope with the dangers of any particular situation."

And Section 464(2) states: "The standard of conduct to which a child should conform is that to be expected from a child of like age, intelligence and experience."

In this jurisdiction the pattern of the law has been clearly set against the conclusive presumption of incapacity. In an early case which went up from our local courts the Supreme Court made it plain that the capacity of a child is to be determined according to the facts of the individual case. Washington & G. R. Co. v. Gladmon, 15 Wall. 401, 21 L.Ed. 114. There the court said: "The rule of law in regard to the negligence of an adult and the rule in regard to that of an infant of tender years is quite different. * * * Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years of age less caution would be required than one of seven; and of a child of seven less than one of twelve or fifteen. *The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case."*[6] (Emphasis supplied.)

In that case the rule was applied to a child of seven. It has also been applied in this jurisdiction to a child of nine [7] and to a child of twelve.[8]

Strongly indicative of the view taken of the subject by the United States Court of Appeals for this District is what was said early this year in Capital Transit Co. v. Gamble, App.D.C., 160 F.2d 283, 284. There a child of five ran from the sidewalk into a streetcar. After describing the circumstances of the accident the Court said: "It was strongly urged on the part of appellee that a child of five could not be guilty of contributory negligence. There is conflict of authority on this point and *we understand the rule to be that the question of the ability of a child of five to be guilty of contributory negligence depends on the child and the degree of intelligence it is shown to have possessed.* But where, as here, the evidence as to primary negligence produced by the plaintiff is so weak that to submit it to a jury would be to allow them to speculate as to the defendant's negligence the question of contributory negligence does not enter and the court should rightfully exercise its lawful discretion and withhold that evidence from the jury. (Emphasis supplied.)

While the language we have underscored did not directly constitute the basis of the court's decision, the words tell us plainly enough that the court regards the question of the infant's contributory negligence as one of fact for the jury. Especially when read in conjunction with the Gladmon case and the others we have cited it leaves no doubt that the rule to be followed in this jurisdiction is that when contributory negligence is charged to a child of five it raises an issue of fact to be determined by the intelligence of the child and the circumstances of the individual case—in short that it is a question for the jury. We must therefore hold that the second part of the judge's instruction which took that question from the jury was erroneous.

Reversed with instructions to award a new trial.

---

[6] This language, it will be seen, was adopted by the trial judge in this case in the first part of his instruction on the subject.

[7] Barstow v. Capital Traction Co., 29 App.D.C. 362.

[8] Conger v. Baltimore & O. R. Co., 31 App.D.C. 139; Baltimore & P. R. Co. v. Cumberland, 12 App.D.C. 598, affirmed 176 U.S. 232, 20 S.Ct. 380, 44 L.Ed. 447.