**B. L. SMITH and Sylvia Smith, Appellants,**

**v.**

**GEOGHEGAN AND MATHIS, a Partnership, et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1960.

Fulton & Hubbard, Ernest N. Fulton, E. E. Hubbard, Bardstown, for appellants.

J. Smith Barlow, Jr., Bardstown, for appellees.

STEWART, Judge.

This is an appeal from a summary judgment entered in favor of appellees, George Geoghegan, H. F. Mathis and Fabian Mathis, partners doing business as Geoghegan & Mathis, and James Elisha Hayden.

This action arose out of a motor vehicle accident on September 13, 1956, in which a truck owned by appellee partnership and operated by their employee, James Elisha Hayden, struck Francis X. Smith, a pedestrian who was nineteen years old at that time, and who is the son of appellants, B. L. Smith and Sylvia Smith. Francis X. Smith received severe and permanent injuries.

In the instant action appellants sued for $5,040 jointly as the value of the services and earnings of their son, of which they had been deprived from the date of the accident until his twenty-first birthday; and. for $3,780 for the mother, Sylvia Smith, as the value of nursing care rendered and to be rendered to the son from the date of his injuries until he reached his majority. The boy became twenty-one on February 4, 1958; this action was filed on September 7, 1957.

As a part of their answer entered in the present action, appellees averred appellants were estopped to assert their claim or recover thereunder, because of a prior suit filed against appellees and settled by B. L. Smith as next friend of Francis X. Smith. In that previous action against appellees, the basis of which was the same motor vehicle accident pled in the present action, Francis X. Smith, through his next friend, asked for damages of $200,000 for pain and suffering upon the ground that "his power to earn money is permanently impaired"; and further asked for $25,000, alleging "plaintiff has incurred bills and expenses for drugs, hospitalization, nursing, medi-

cal care and attention, and will incur bills and expenses for these items and services."

That suit was filed on December 8, 1956, and settled without any admission of liability, before trial, for $55,000 on May 29, 1957. The release signed by B. L. Smith as guardian recited in effect that he agreed to indemnify the parties, appellees herein, from all claims and demands "by or on behalf of Francis X. Smith" growing out of the accident.

Depositions, taken by appellees after the present action was filed, were made a part of the record herein, and on December 20, 1957, they moved for summary judgment, which was granted on February 20, 1958. The opinion of the trial court found that there was no genuine issue of fact raised; that the previous action included a demand for recovery of all damages for which appellees could be held liable for the negligent injury of Francis X. Smith; and that based on the authority of Kentucky Service Co. v. Miracle, 246 Ky. 797, 56 S.W.2d 521, which was considered controlling as to the facts, appellees were entitled to summary judgment.

This appeal is prosecuted from the ruling of the lower court, and two main contentions are advanced for reversal: (1) That the record shows the parents did not relinquish their right to sue defendants below; and (2) that the release executed "by and on behalf of Francis X. Smith" established they never intended to waive their right to undertake a recovery of the items embraced in this action. An overall contention is that the lower court, in granting summary judgment, failed to consider all evidence included in the record and all possible theories that might be advanced by appellants.

The evidence disclosed the father of the infant, one of the appellants herein, employed counsel to bring the original suit for his son as next friend, and that he signed and verified the complaint. He was familiar with the nature and scope of the

damages sought. He participated fully in that suit by testifying by deposition, by being on hand when other depositions were taken and by being present during the negotiations for a settlement. He approved the settlement, executed as guardian a full release of all claims made in his son's suit and also signed in the same capacity the order dismissing that action as settled.

The evidence was also to the effect the mother of the infant, the other appellant in this action, collaborated with the father in the selection of counsel to handle her son's case. She read the complaint and, as a consequence, had actual notice of the amount and character of damages her son was seeking to recover. She also took part in the prosecution of the suit by filing an affidavit in support of it and by conferring, from time to time, with the counsel she and her husband had agreed upon. She was consulted about the settlement and agreed to the terms of it in advance.

It was also brought out that, during the pendency of their son's suit and during the period of negotiation which resulted in a settlement of their son's claim, neither the father nor the mother indicated at any time they were making any demand for an independent claim or settlement, as to either of them, growing out of their son's injury. Such a demand for the items embraced therein was first brought to the attention of appellees when the action now before us was begun some three months after the termination of their son's action.

In Kentucky Service Company v. Miracle, 246 Ky. 797, 56 S.W.2d 521, 522, it was pointed out that where a minor is injured by the negligence of another, two causes of action arise. One is in favor of the infant for (a) his pain and suffering, and for (b) the permanent impairment of his power to earn money after reaching the age of 21 years; and the other is in favor of his parents, pursuant to KRS 405.010, for (a) the loss of the infant's services until he reaches his majority, and for (b) nursing and taking care of him and for the expenses of medicines and medical services.

That opinion then makes this statement: " * * * But the parents may waive their right of recovery and permit their infant child to recover the full amount to which they and the child would be entitled if separate suits were brought. * * *"
In Behemoth Coal Co. v. Helton, 310 Ky. 810, 222 S.W.2d 845, a seventeen-year-old boy was injured when a coal truck being operated by him on a loading ramp ran off the side and turned over. The instructions to the jury which authorized the boy's recovery for the permanent impairment of his power to earn money did not limit this element of damage to the loss of earning power after he reached the age of twenty-one years. It was argued that KRS 405.010 provides that the parents of a minor are entitled to his earnings, and it was insisted in that case the boy could not secure damages for which his parents had a cause of action. This Court held otherwise, stating on page 847 of 222 S.W.2d: "However, the right of the parents may be waived where they have notice of the minor's suit and participate in it without asserting an independent right of recovery. * * *"

Cases that also uphold the foregoing principles of law are Louisville H. & St. L. R. Co. v. Lyons, 156 Ky. 222, 160 S.W. 942, and Chesapeake & Ohio R. Co. v. Davis, 119 Ky. 641, 60 S.W. 14.

In the case at bar, it will be recalled the complaint did not attempt to limit the item of damage, based upon the son's permanent impairment of his power to earn money, until after he became 21 years of age; on the other hand, the allegation in this respect was general and all inclusive. Furthermore, a recovery was sought for all drugs, hospitalization, nursing and medical care which had been furnished in the past and which would be necessary in the future. The conclusion is therefore inescapable that all damages now undertaken to be recouped by appellants were paid for when their son's suit was settled.

It is also clear appellants waived their privilege of bringing an action to recover the damages they might have established themselves entitled to when, with actual knowledge of the character and extent of the damages the son was seeking to obtain, they interposed no objection thereto and asserted no right to any portion of the sum paid to him. On the contrary, their efforts throughout were directed toward securing for the exclusive benefit of the son all of the elements of damage which they might have made claim for by separate action.

█ As to the second contention, it is strongly urged that the inclusion of certain language in the release made it apparent the claims asserted in the case at bar by appellants were exempted from the terms of the settlement entered into in behalf of their son. When the release was about to be executed, after settlement of the original suit had been agreed to, counsel for Francis X. Smith insisted on interlining in the indemnification clause the phrase "by or on behalf of Francis X. Smith". It is contended the consequence of this insertion was that the one executing it (the son's guardian) agreed to save appellees harmless only from all claims and demands made by or on behalf of Francis X. Smith, growing out of, or as a result of, the accident. We do not believe these words had the effect insisted upon by appellants.

The determinative factors in that case were the character and extent of the relief sought in behalf of the son and the agreed settlement that was consummated between his father, as guardian, and appellees which terminated that action. It was the election made by the parents there that estops them from now making any demands against appellees. The release, as changed by the interlineation, did not in any wise alter the terms and conditions of the settlement agreed to by appellants.

On the basis of the record before the circuit court in this action, we conclude

the court correctly held appellants were estopped to prosecute this action, and that appellees were entitled to have the complaint dismissed as a matter of law. For these reasons the motion for summary judgment was properly granted.

Wherefore, the judgment is affirmed.