SIOUX FALLS TRACTION SYSTEM, Respondent, v. GREAT NORTHERN RAILWAY COMPANY, Appellant.

(162 N. W. 740.)

(File No. 4070.    Opinion filed May 16, 1917.)

1. Evidence—Railroads—Curve—Destruction of Street Car at Crossing—Showing Headlight Pointing Toward Locus, Admissibility.

Defendant's train collided with and destroyed plaintiff's street car while the car stood at junction of lines of track belonging to the parties. In a suit to recover value of the car, **held**, that it was admissible for a witness to testify that since the accident he was at defendant's track 600 feet from point of accident, in the night time, when a train belonging to defendant passed, going in direction of point of accident, and that when the engine arrived at point of such observation the headlight shone in direction of point where accident occurred; the evidence being introduced to show at what distance from point of accident a curve some 1000 feet from latter point, ended; the objection being that no foundation was laid in showing that conditions were same as those existing on night of accident.

2. Negligence—Accident at Railway Crossing—Evidence—Distance Within Which Train Could Stop at Ordinance Speed—Ordinance Rate, Presumption of Negligence if Running at Greater Speed.

Since the jury was bound to presume until contrary was shown, that the running of defendant's train at a higher rate of speed than six miles per hour specified in an ordinance, was negligence, **held**, that in view of such presumption, testimony of an old engineer to show the distance within which the train could have been stopped when going at six mile rate of speed was admissible in a suit for damages for destruction of plain-

tiff's street .car at a crossing of the parties' lines; this although the evidence was that the train was moving at a much higher rate of speed.

3.  Same—Accident at Crossing—Negligent Rate of Speed—Ordinance Rate, Conclusiveness of—Other Evidence in Connection—Instruction, Tenability.

In a suit for damages for destruction of defendant's street car at a junction of the parties' lines, held, that an instruction that, while an ordinance forbidding running of trains at more than six miles per hour is not conclusive evidence of negligence, it was evidence to be considered by jury in connection with other evidence to determine whether the train was running at a negligent rate of speed, was proper, as against objection that the ordinance was either conclusive on that question, or was of no evidentiary force.

4.  Same—Destroying Street Car at Crossing—Reasonableness of Ordinance Governing Railway Train Speed—Evidence of Ordinance re Speed of Street Cars, Irrelevancy of.

In a suit to recover for destruction of plaintiff's street car while standing at a junction of the parties' lines, held, that trial court properly excluded evidence of an ordinance fixing speed for street cars within the city, as being irrelevant on question of reasonableness of an ordinance fixing speed of railway trains.

5.  Same—Street Car, Destruction of at Crossing—Power Cut From Car at Crossing—Ordinance Requiring Stopping Street Car Before Crossing, Irrelevancy of.

Where a street car was destroyed by defendant's train while the car stood upon the junction of the parties' lines, and as it crossed the track the car's electric power, furnished from a central plant, was, in some way cut off, so that the car remained stationary, held, in a suit to recover for destruction of the car, that, while the evidence showed the car was not stopped as it approached the railway track, yet the breach of the ordinance was immaterial; since the breach of an ordinance is no defense except where the purpose of the ordinance was to avoid or prevent conditions that brought about the accident complained of; and there must be a direct relation between the purpose prompting the ordinance and the causes of the accident.

Appeal from Circuit Court, Minnehaha County.  Hon. JOSEPH W. JONES, Judge.

Action by the Sioux Falls Traction System, against the Great Northern Railway Company, to recover damages for destruction of plaintiff's street car by defendant's railway train.  From a

judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

*Aikens & Judge,* for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

(1.)  To point one of the opinion, Appellant cited: Jones on Evidence, §§ 403, 410; Chicago & A. Ry. Co. v. Logue, 47 Ill. App. 292.

(3.)  To point three of the opinion, Appellant cited: Healy v. Johnson (Ia.) 103 N. W. 92; Fisher v. Ry. Co. (Ia.) 157 Ibid. 860.

Respondent cited:  Whaley v. Vidal, 27 S. D. 627-642; Merrill v. Minneapolis & St. Louis Ry. Co., 33 Cyc. 976; Erie Ry. Co. v. Farrell, 77 C. C. A. 446; Grand Trunk Ry. Co. v. Ives, 144 U. S. Sup. Ct. 408, 36 L. Ed. 485.

WHITING, J.  A train belonging to defendant collided with and destroyed a car belonging to plaintiff while such car was standing at the junction of the lines of track belonging to these parties.  Plaintiff recovered a judgment for the value of the car so destroyed.  From such judgment and from an order denying a new trial this appeal was taken.  In a general way the facts of this case are quite analogous to those in the case of Allison v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 158 N. W. 452, and much that was said in that case is applicable to the facts presented herein.  We therefore deem it unnecessary to consider any assignments except those that present questions other than were presented by the record in that case.

[1] The accident out of which this action grew occurred about 10 o'clock at night.  Respondent introduced the evidence of a witness to show that since the accident such witness was at appellant's track at a point some 600 feet from the point of the accident; that he was at said point in the night-time and when a train belonging to appellant passed, going in the direction of the place of accident.  This witness testified that when the engine arrived at such point, the headlight shone in the direction of the point where this accident occurred.  Appellant objected to the receipt of this evidence, alleging that no proper foundation was laid therefor in that it was not shown that the conditions were the same as those existing the night of the accident.  But this evidence was admissible for and was received for the purpose of

showing that the direction of appellant's track at this point, 600 feet from the point of accident, was such that when a train reached such point the light from the headlight would be thrown in the direction of the point of accident. It appeared that appellant's track curved at a distance of some 1,000 feet from the point of accident, and it became material to show at what distance from the point of accident the curve ended and the track commenced to bear straight towards the point of accident. This evidence was clearly admissible.

[2] Respondent offered the testimony of an old locomotive engineer to show the distance within which appellant's train could have been stopped: First, when going at the rate of 6 miles an hour; second, when going at the rate of 25 miles an hour. Appellant assigns as error the receipt of the evidence in relation to the distance that would be required to stop the train if going at the rate of 6 miles an hour, contending that there was no claim or pretense that this train was going at that rate of speed, and therefore nothing upon which to base the admission of this evidence. It is true that the evidence showed the train moving at a much higher rate of speed but it was proven that a local ordinance forbade the running of the train at a greater speed than 6 miles per hour. The jury was bound to presume, until the contrary was shown, that the running of this train at a higher rate of speed than 6 miles per hour at this point was negligence. Merrill v. M. & St. L. Ry. Co., 27 S. D. 1, 129 N. W. 468; Whaley v Vidal, 27 S. D. 627, 132 N. W. 242. It was therefore proper to show the distance within which this train could have been stopped if running at the rate prescribed by such ordinance.

[3] Complaint is also made because the trial court instructed the jury that, while the ordinance was not conclusive evidence of negligence, it was evidence to be considered by the jury in connection with other evidence to determine whether or not the train was running at a negligent rate of speed. Appellant contends that this ordinance was either conclusive on the question of negligence in the speed of the train or else was immaterial; that it was absolutely of no evidentiary force. Appellant has no cause to complain of such instruction. Merrill v. M. & St. L. Ry. Co., supra; Whaley v. Vidal, supra; Grand Trunk v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485.

[4] Appellant offered in evidence an ordinance fixing the speed for street cars within the city where this accident occurred. The court refused to submit the same to the jury. Appellant contends that this ordinance was admissible upon the question of the reasonableness of the ordinance which fixed the speed of railway trains at 6 miles per hour. It seems too clear for discussion that an ordinance fixing the speed governing street cars within a municipality furnishes no evidence as to the reasonableness of an ordinance fixing the speed of railway trains within the same municipality.

[5] The evidence discloses that there was an ordinance forbidding a street car to go upon a railway track without first stopping to see that the railway track was clear. The evidence further shows that this street car was not stopped as it approached the said railway track, and that just as it crossed such track the electric power propelling such car and which was furnished from a central plant was for some reason cut off, and the car remained stationary upon said track. Appellant contends that it was negligence to run over such railway track without first stopping as required by the ordinance and that, inasmuch as, in the event that the street car had been stopped as required by such ordinance it would not have reached the railway track before the electric power was cut off and the accident would not have occurred, such negligence contributed to the accident and deprived respondent of any right of recovery. It would be as logical to claim that, if an automobile should be driven from the city limits to the center of a city at an unlawful rate of speed, thus reaching the center of the city five minutes before it could have reached it at a lawful rate of speed, the owner of such automobile could not recover for an injury to such automobile occurring within the five minutes after he had reached the center of the city, although the facts were such that at any time after the lapse of such five minutes, under circumstances in all other respects the same, the said owner could have recovered. The ordinance requiring the stopping of street cars was to avoid collisions with trains. If this street car had reached the railroad track without stopping and there, while still moving, had collided with the train, such ordinance would have become material in this case. Moreover, if the purpose of this ordinance had been to cause the street cars to

stop so that it could be determined whether the car was in a proper condition to render it safe to attempt to cross the railway track and, by failing to heed the ordinance, the very thing sought to be guarded against occurred—the car became stalled owing to some defective condition that would have been revealed if the car had been stopped—then the breach of such ordinance would have been material to the issues presented. In other words, the breach of an ordinance cannot be urged as a matter of defense except where the purpose of such ordinance was to avoid or prevent the conditions or circumstances that brought about the accident complained of—there must be a direct relation between the purpose prompting the ordinance and the causes of the accident.

The judgment and order appealed from are affirmed.