**Walter L. Schumacher, minor, by William J. McCarty, his next friend, Appellee, v. Ariel Meinrath, Appellant.**

### Gen. No. 16,973.

1. AUTOMOBILES—*excessive speed.* In a suit by a minor alleging that an automobile had been driven negligently and at a speed greater than one mile in four minutes through the residence portion of a city, and exceeding one mile in six minutes through a closely built up business portion, contrary to the statute providing

that such speed shall be *prima facie* evidence that the speed is greater than reasonable, where plaintiff's view was obstructed by a wagon crossing a street in the same direction as plaintiff, and defendant's chauffeur, not being able to stop his car because of the street being wet, increased the speed so as to avoid collision with the wagon by passing in front of the team, and struck plaintiff, and where the jury might properly find that the car had approached at a speed exceeding fifteen miles per hour through such business district, the defendant is guilty of negligence both under and independent of statute.

2. AUTOMOBILES—*where particular accident not foreseen.* In an action for negligent driving of an automobile, it is not material that the particular injury could not reasonably have been foreseen if at the time of the happening it might reasonably have been foreseen that an injury to some one might result from negligent or fast driving.

3. AUTOMOBILES—*business district on only one side of highway.* Michigan avenue, west of Grant Park, in the City of Chicago, is a highway through a closely built up business portion of the city, under the statute regulating automobiles.

Appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 4, 1913.

FRED D. JACKSON and BULL & JOHNSON, for appellant.

JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In March, 1908, plaintiff, then sixteen years old, in crossing Michigan avenue on the line of the sidewalk on the north side of Van Buren street, when near the east side of the avenue was struck by an automobile of defendant and injured. In an action on the case to recover for such injuries, the first count of the declaration alleges that the defendant, by his servant, so negligently drove and managed his automobile as to cause it to strike plaintiff. The second count alleges that said avenue, at the place where, etc., was a pub-

lic highway passing through the residence portion of the city of Chicago; that the defendant operated his car at a speed greater than one mile in four minutes, contrary to the statute, etc., by reason whereof, etc. The third count alleges that said avenue, at the place where, etc., was a public highway passing through a closely built up business portion of the city of Chicago; that defendant operated his car at a speed greater than one mile in six minutes, contrary, etc., by reason whereof, etc. The statute provides that if the rate of speed of a motor vehicle operated on a public highway, "where the same passes through the closely built up business portions of any incorporated city, etc., exceeds ten miles an hour, or if the rate of speed of any motor vehicle operated on any public highway where the same passes through the residence portions of any incorporated city, etc., exceeds fifteen miles an hour * * * such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle, etc., is running at a rate of speed greater than is reasonable, having regard to the traffic and the use of the way, or so as to endanger the life, limb or to injure the property of another person." Hurd's Stat. (1911) 2044-5.

Plaintiff when injured was going east across the avenue. A South Park dirt wagon was crossing in the same direction to go up an incline on the east side of the avenue into Grant Park, and plaintiff was walking north of the wagon, which obstructed his view of a vehicle coming from the south. The automobile was going north on the east side of the avenue. From the evidence the jury might properly find that the speed of the car as it approached Van Buren street exceeded fifteen miles per hour; that the driver of the car increased its speed and attempted to cross in front of the team, and the car would have struck the team had not its driver suddenly stopped his team and swung his horses to the north; that plaintiff in ignorance that a car was approaching from the south, proceeded

on his way and just as he passed beyond the horses was struck and injured. The evidence shows that the west side of Michigan avenue for several blocks north and south of Van Buren street was solidly built up with business buildings from four to fifteen stories high; that east of the avenue for approximately half a mile each way was Grant Park, in which there was but one building, the Art Institute. The rule of the South Park Commissioners prohibited all traffic vehicles from going north or south in the avenue. The chauffeur of defendant had been a chauffeur for five years and must have known that the dirt wagon would proceed across the avenue. He attempted to justify his conduct by testifying that the street was wet and he could not stop his car, and that he expected the dirt wagon to turn into the avenue and proceed either north or south. We think that the jury might properly find that Michigan avenue at Van Buren street was a highway through a closely built up business portion of Chicago, although Grant Park was immediately east of the avenue and that the running of the car at the speed it was run, under the circumstances shown by the evidence, constituted and was negligence, both under the statute and independent of the statute. The fact that the street was wet affords no excuse to the chauffeur, for its condition was known to him as well when he first saw the dirt wagon as when he determined to pass in front of it. Chicago City Ry. Co. v. Schmidt, 217 Ill. 396.

It is not material that the particular injury could not reasonably have been foreseen, if at the time of the happening it might reasonably have been foreseen that an injury to some one might result from the negligent act. Illinois Cent. R. Co. v. Siler, 229 Ill 390.

We do not think that the contention that the plaintiff was guilty of contributory negligence is sustained by the evidence.

We find no error in the rulings of the court on the instructions.

One of plaintiff's ribs was broken, another dislocated from the cartilage, and he sustained other injuries. The evidence for the plaintiff tends to show that from the time of his injury, but not before, he has had a cough; that he is pale, anæmic and has lost weight. A physician called by plaintiff testified that he apparently had incipient tuberculosis and that it could result from his injury. A physician called by the defendant testified that in his opinion there was no connection between the injury and the incipient tuberculosis at the time of the trial. We think that on the evidence the question whether plaintiff's condition at the time of the trial was the result of the injury for which he sued, was a question for the jury, on which their verdict must be held conclusive, and that if his then condition was the result of his injury, the damages given by the jury cannot be held excessive.

The record is, we think, free from error and the judgment of the Superior Court is affirmed.

*Affirmed.*