## Akers v. Fulkerson.

(Decided March 28, 1913.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Damages—Personal Injury to Infant—Action by Father for Loss of Services, etc.—Evidence.—In an action by a father against the owner of an automobile for injuries to plaintiff's infant son, and the consequent loss to the plaintiff of his son's services, evidence examined and held to sustain a verdict in favor of plaintiff.

2. Judgment—Conclusiveness—Parties—Concluded.—Where an infant receives personal injuries and brings suit, by his father as next friend, against the party responsible for such injuries, for pain and suffering and the impairment of his power to earn money after arriving at the age of twenty-one, which action results in a verdict and judgment for defendant, the judgment so rendered is not a bar to an action by the father for the loss of his son's services before becoming of age, and for medicines and medical treatment.

3. Parent and Child—Injury to Child—Right of Action—Waiver. —Where an infant is injured by an automobile, an action by his father against the owner of the automobile on behalf of the infant for such damages as he may rightfully recover, is not a waiver of his right to file an action for the benefit of himself for such items of damage as rightfully belong to him as father.

O'NEAL & O'NEAL for appellant.

J. L. RICHARDSON, H. O. WILLIAMS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Harley Fulkerson, a boy 14 years of age, was struck and injured by an automobile belonging to Mrs. Frank Guthrie Akers. His father, E. L. Fulkerson, brought this action against Mrs. Akers to recover damages for the loss of his son's services, and for expenses incurred for medicines and medical treatment. The jury returned a verdict in his favor for $300. Judgment was entered accordingly, and Mrs. Akers appeals.

The accident occurred on Third Street, near Green, in the city of Louisville, on December 17, 1909. Harley Fulkerson and two companions about the same age were playing "tag" or "catcher." Harley had just run from

the east side of Third Street to the west side. At that time an express wagon and Mrs. Akers' automobile were proceeding south on Third Street. Harley started to cross the street again. In doing so he ran a few feet in front of the two horses that were hitched to the express wagon. He was going so fast that he could not stop, and just as he got by the horses he was struck by the automobile. The front part of the automobile knocked him down, and the rear wheels passed over his leg and broke it. After striking him the automobile ran 125 or 130 feet. The chauffeur in charge of the automobile did not blow his horn or give any other signal of approach. The automobile was running at the rate of 20 or 25 miles an hour. One witness, who was at the corner of Third and Green, says that when the automobile passed him its rate of speed was about 25 miles an hour, and when it reached the place of the accident it had slowed down to about 20 miles an hour.

Defendant's witnesses say that the express wagon was proceeding south on Third Street on the west side, and the automobile was following the express wagon. When it reached the place of the accident the chauffeur turned to the east side of the street for the purpose of passing the wagon. At that time the automobile was going at the rate of from four to eight miles an hour. The chauffeur blew his horn as he came up behind the wagon, and also blew it just before Harley was struck. When Harley started across the street he passed immediately under the horses' heads, and had not the driver of the express wagon pulled his horses, they would have come in contact with him.

While it is true that the weight of the evidence is with the defendant, we are unable to say either that there was no evidence to take the case to the jury or that the verdict is flagrantly against the evidence. Nor can we say, as a matter of law, that the injured boy was guilty of contributory negligence. There was sufficient evidence to justify the conclusion on the part of the jury that he would not have been injured had it not been for the excessive speed of the automobile, and the failure of the chauffeur to give reasonable signals of its approach.

After Harley Fulkerson was injured, two actions were filed against the defendant; one by the boy, by his father and next friend, to recover for his physical and mental suffering, and the permanent impairment of his power to

earn money, and this action by the father, D. L. Fulkerson, to recover for the loss of his son's services, etc. In the former case there was a judgment for the defendant, which was affirmed on appeal. Fulkerson, by et al. v. Akers, 145 Ky., 187. Defendant in this action pleaded that judgment as a bar to plaintiff's right to recover. To sustain this contention we are referred to the case of Chesapeake & Ohio Ry. Co. v. Davis, 119 Ky., 641, 60 S. W. 14. An examination of that case will show that an infant's mother, who was a widow, instituted an action as his next friend, in which she obtained a verdict for personal injuries alleged to have been caused by the negligence of the railroad. The verdict was for $10,000. It was urged on appeal that the mother was entitled to the boy's services until he became of age, and she alone having the right to recover for any loss of his capacity to earn money up to that time, the trial court should have limited the right of recovery to the impairment of the boy's ability to earn money after he became of age. In disposing of this contention, the court said that while the mother was primarily entitled to recover for the loss of her son's capacity to earn money prior to the time that he became of age, yet this was a right which she could waive, and which she did waive by instituting the action and recovering a verdict in behalf of her son for the entire injury.

In the suit of the boy by his father as next friend, the court, by its instructions, limited the boy's recovery to his pain and suffering and the permanent impairment of his power to earn money after he became 21 years of age. Therefore, no recovery was had, or could have been had, in that case for the damages sued for in this action. To constitute a judgment and estoppel, there must be an identity of parties as well as of subject matter, and it is necessary that the parties as between whom the judgment is claimed to be an estoppel should have been parties to the action in the same antagonistic relations, or else they must be in privity with the parties in such former action. 23. Cyc., 1237. Following this rule, it has been held that a judgment in favor of the defendant in an action by a married woman for personal injuries is not conclusive against the plaintiff in an action by her husband to recover for the loss to him growing out of the injury. Womack v. City of St. Joseph, 201 Mo., 467, 10 L. R. A. (N. S.) 140. In the case of Karr v. Parks, 44 Cal., 46, it

was held that where an infant sues by her father as guardian for damages for suffering and deformity caused by the act of a vicious animal belonging to the defendant and recovers judgment, such judgment is not available as a bar or admissible in evidence in a suit brought by the father in his own name for services rendered and expenses incurred in the cure of the wounds inflicted upon the child. In Bartlett v. Kochel, 88 Ind., 425, it was held that in an action by a father against the seducer of his infant daughter and servant, an answer of the defendant setting up that in a former suit in the name of the infant daughter for the same seduction, wherein the father appeared as the next friend of his daughter, the seducer recovered judgment, was no bar to the pending action.

As the suit by the boy was for pain and suffering, and the permanent impairment of his power to earn money after he became 21 years of age, and as the suit by the father in this action is for the loss of the boy's services, and for medicines and medical treatment, it follows that there is neither an identity of parties nor of subject matter, and that the judgment in the former action in favor of the defendant is not a bar to the present action. Nor is the mere incident that two juries upon substantially the same facts reached different conclusions any reason why the verdict in this case should not stand. Nor do we think that plaintiff, by bringing the action as next friend of his son waived his right to recover in this case. That plaintiff might have waived his right to recover in this action by suing on behalf of his son to recover for the entire injury, there can be no doubt, but the question of waiver is always one of intent. The very fact that two suits were brought, one for the benefit of the son, and one for the benefit of the plaintiff, negatives the idea that plaintiff intended to waive his right of action. Where an infant is injured through the negligence of another, two distinct causes of action arise; one in favor of the infant for his pain and suffering, and the permanent impairment of his power to earn money after reaching the age of 21 years, and the other in favor of the father for loss of the infant's services until he reaches maturity, and for medicines and medical services. These items of damage make up the whole injury. The party causing the injury is liable in damages for the entire injury. Where the father files two suits, one for the benefit of the infant for such damages as he may rightfully recover, and one for

the benefit of himself for such items of damage as rightfully belong to him as father, his intent to separate the two actions is obvious, and no waiver is shown. Slaughter v. Nashville, C. & St. L. Ry. Co., 90 S. W. 243.

Complaint is made of misconduct of counsel for plaintiff, but this cannot be considered as it is not shown by the bill of exceptions. The only way in which matters occurring on trial in the circuit court may be brought up for review in this court is by bill of exceptions. Louisville Ry. Co. v. Gaar, 112 S. W. 1130; Hendrickson v. Commonwealth, 147 Ky., 298.

We find no error in the instructions.

Judgment affirmed.