CAMERON, Respondent, v. MILLER, Appellant.

(180 N. W. 71.)

(File No. 4714.   Opinion filed December 1, 1920.)

1.  Negligence—Personal Injuries—Auto Driver Colliding With Boy On Bicycle Crossing Street—Auto Exceeding Speed Limit, Presumption of Negligence—Rule—Question for Jury.

In determining whether defendant, driver of an automobile on a city street, was negligent in colliding with a bicycle driven by a boy of 12 years who was crossing the street ahead of him, held, there being evidence that defendant was exceeding speed limit under the ordinance, (following Traction System v. R. R. Co., 39 S. D. 17) that the jury was bound to presume, until contrary was shown, that the running of the auto at such excess speed was negligence; and the question of defendant's negligence was properly submitted to jury.

2.  Same—Excess Speed of Auto as Proximate Cause of Collision— Possibility as Mere Conjecture, Inadmissibility Of.

In considering whether the driver of an auto along the city street at a rate of speed in excess of the limit by ordinance was or not the proximate cause of its collision with a bicycle upon which a boy of 12 was riding diagonally across the street in front of him, while the fact that plaintiff, had he chanced to have been running the bicycle slower, or had chanced to have started a little later on his errand, might have reached

the place of collision at the instant when defendant's car would have reached same providing the car had been running at a lesser speed, yet such possibilities are mere conjectures; the fact being that plaintiff, observing the approaching auto, was of opinion he had ample time to cross in front of it, and he might rely on the assumption that defendant was traveling at a rate within the ordinance limit, unless the unlawful speed of auto was apparent to and realized by him, but, it not appearing that plaintiff realized such speed, and if auto had been traveling even three miles an hour less than it was in fact traveling, the distance that would have been traveled by the auto, from time plaintiff started to cross the street until time of collision, would have been enough less than distance actually traveled by auto to have permitted bicycle passing point of collision before auto reached it; therefore, there was evidence from which jury might find defendant guilty of negligence in driving at excessive speed, and that such negligence was proximate cause of the collision.

3.   **Same—Plaintiff's Contributory Negligence—Evidence Re, Different Conclusions From, When a Question for Jury.**

Following the rule laid down in Whaley v. Vidal, 27 S. D. 62/, held, that where reasonable men might draw different conclusions from undisputed evidence, question of negligence, or contributory negligence, is one for jury, and it is only where evidence is without material conflict, and such that all reasonable men must draw the same conclusions therefrom that it is one for the court.

4.   **Same—Contributory—Exception to Rule Where Plaintiff a Child, Incapacity as Basis of Exception.**

The evidence being such that, were plaintiff an adult instead of a child, trial court should under the evidence have directed a verdict for defendant; yet, unless the age of plaintiff was such that he must be held to have lacked metal capacity, discretion, knowledge and experience, such as to have rendered him incapable of contributory negligence, the rule re adults must apply; but the question here is simply whether this question of capacity was one of fact under the evidence; and such question is ordinarily one for the jury in all cases except where there is conclusive presumption of incapacity, or where, under the evidence, reasonable men must draw the same conclusions;— each case must be determined on its own facts.

5.   **Same—Evidence, Directing Verdict, Resolving Evidence Most Favorable to Plaintiff—Plaintiff's Ignorance of Excess Speed of Colliding Auto as Assumed Fact—Other Facts Plaintiff Must Determine—Supreme Court's Doubt, Parity of Trial Court With, Stated.**

In determining whether or not to direct verdict in a suit for personal injury, and under the rule that evidence must be resolved most favorable to plaintiff, held, under the evidence here, that the facts the court was bound to assume as undisputed were that plaintiff, a boy of 12 years, did not know the auto with which his bicycle collided was traveling at such a speed that it would reach him as soon as it did; and that he thought he could cross ahead of it; this, conceding the boy did comprehend certainty of personal injury if collision occurred; and if plaintiff's ability to recognize that fact were the only thing to be determined by court or jury, court should have directed verdict; but court was bound to recognize that plaintiff must determine not mere certainty of injury through collision, but the **probability** of such collision—called for exercise of more judgment than necessary to determine probable result of collision, i. e., the relative speed of the two machines, as well as relative distance to be traveled; and whether such boy had sufficient mental capacity, etc., to comprehend the situation and the risk, was matter upon which reasonable men might differ. **Held,** further, that if there be doubt in Supreme Court's mind they must assume that there was at least doubt in mind of trial court, the existence of which, if any. warranted submission of question to jury.

Appeal from Circuit Court, Brown County. HON. FRANK ANDERSON, Judge.

Action by James A. Cameron, by Anna A. Cameron, guardian ad litem, against Frank Miller, to recover damages for personal injuries resulting from collision of plaintiff's bicycle with defendant's automobile. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*McNulty & Campbell,* for Appellant.
*George H. Fletcher,* for Respondent.

(2) To point two of the opinion, Appellant cited: Thompson v. Buffalo Railway Company, 145 N. Y. 196, 12 Am. Neg. C. 322; Tucker v. N. Y. C. & H. R. R. R. Co., 124 N. Y. 308.

Respondent cited: Quinn v. Ross Motor Car Co. (Wis.), 147 N. W. 1000.

(3) To point three, Respondent cited: McEldon v. Drew, 116 N. W. 147; U. S. Natural Gas Co. v. Hicks (Ky.), 119 S. W. 166.

WHITING, J. Plaintiff sued to recover damages which he claims to have suffered as a result of an injury received when a

bicycle, ridden by him, collided with an automobile driven by defendant. Verdict and judgment were for plaintiff. From the judgment and an order denying a new trial defendant appealed. The sole question presented upon this appeal is the correctness of the ruling of the trial court in refusing to direct a verdict for the defendant.

Plaintiff was riding a bicycle along the north side of First avenue in the city of Aberdeen, and was going in a westerly direction. Defendant was driving his automobile along the south side of said avenue and was going in an easterly direction. They approached one another while traveling between Main and Lincoln streets. One-half way between these streets and on the south side of First avenue is an alley extending in a southerly direction through the center of the block which lies between Main and Lincoln streets. It was while plaintiff was attempting to cross First avenue in order to pass into the said alley that he collided with defendant's auto, the fender on the south side of the auto striking the very rear end of the bicycle. It is plaintiff's contention that defendant was negligent in his driving of said auto and that such negligence was the proximate cause of the injury. Defendant contends, and urged upon his motion for directed verdict, that the evidence wholly failed to show any act of negligence charged by plaintiff, that such negligence was not the cause of the injury, and that, under the undisputed evidence, plaintiff was guilty of contributory negligence. It is plaintiff's contention that, owing to the minority of plaintiff, a child of 12 years of age at the time of the accident, the question of contributory negligence was properly submitted to the jury.

As these parties were approaching one another, they each observed the other until about the time that the plaintiff turned to cross into the alley. Plaintiff admitted seeing the automobile approaching, but testified that he thought he had ample time to cross in front thereof, and that, as he started to make the turn he shifted his attention to the running of the bicycle and did not observe the auto from that time until he was directly in front thereof. Defendant, while admitting that he saw the plaintiff on the bicycle coming westward on the opposite side of First avenue, testified that he did not see him at the time plaintiff made the

turn and did not see him until he was directly in front of the auto.

[1] Was there evidence from which a jury could reasonably find that the defendant was guilty of negligence, such negligence, if any, consisting in the fact of defendant's driving his automobile at a speed greater than the speed limit for that particular place, prescribed by an ordinance of the city of Aberdeen? There was the testimony of several witnesses to the effect that the said automobile was, at the time of and immediately prior to to the collision, running at a speed from three to eight miles in excess of the speed limit fixed by such ordinance. It was held by this court in Traction System v. R. R. Co., 39 S. D. 17, 162 N. W. 740, that a jury was bound to presume, until the contrary was shown, that the running of a train at a higher rate of speed than that limited by the ordinance of a city was negligence. See also, Whaley v. Vidal, 27 S. D. 627, 132 N. W. 242. It follows, therefore, that there was sufficient evidence to go to the jury upon the question of defendant's negligence.

[2] Defendant contends that there was no evidence to support the claim that the speed of the automobile was the proximate cause of the collision, and that because of this lack of evidence a verdict should have been directed. He argues that, so far as the evidence tends to show, this collision was just as likely to have occurred if he had been driving his car at a much less rate of speed—that the excess of speed was in no way re-responsible for the accident. While, of course, it is true that plaintiff, if he had chanced to have been running the bicycle slower or had chanced to have started a little later on the errand upon which he was engaged, might have reached the place of collision at the same instant when defendant's car would have reached same providing such car had been running at some lesser rate of speed, yet, in considering such possibilities, we enter into the field of mere conjecture. It is a fact, which the jury, under the evidence were warranted in finding, that plaintiff, observing the approaching automobile, was of the opinion that he had ample time to cross in front thereof. Plaintiff had a right to rely on the assumption that defendant was traveling at a speed within the limit fixed by the ordinance (20 R. C. L. 118), unless the unlawful speed of the automobile was apparent to and realized

by him. It does not appear that plaintiff did realize the speed at which the auto was traveling, and if the auto had been traveling even three miles an hour less than it was in fact traveling (no matter what its actual speed was), it is beyond all question that the distance that would have been traveled by the auto, from the time plaintiff started to make the turn across the street until the time of the collision, would have been enough less than the distance actually traveled by said auto to have permitted of the bicycle passing the point of the collision before the auto reached such point. It follows, therefore, that there was evidence from which the jury was warranted in finding, not only that the de-defendant was guilty of negligence in driving his auto at an excessive speed, but that such negligence was the proximate cause of the collision.

[3] But defendant earnestly contends that, under the undisputed evidence, it appears that plaintiff was himself guilty of negligence, and that such negligence was a contributing cause of the injury suffered by him. This court has said:

"Where reasonable men might draw different conclusions from undisputed evidence, the question of negligence or contributory negligence is one of fact for the jury, and it is only where the evidence is without material conflict and is such that all reasonable men must draw the same conclusion therefrom that the question is for the court." Whaley v. Vidal, supra.

[4] Were it not for the fact that plaintiff was a child, the trial court, perhaps, should, in accordance with the above rule, have directed a verdict for defendant; the act of plaintiff, in crossing the street in front of the approaching automobile, being one which, if it had been that of an adult person, might have been held negligent as a matter of law. But plaintiff was a child, and he contends that the question as to whether or not he was possessed of such mental capacity, discretion, knowledge, and experience as to render him capable of contributory negligence was one that the court was bound to submit to the jury. There is a great conflict of authority as to age under which it will be conclusively presumed that a child is incapable of contributory negligence; the age, if any, under which it will be presumed, but not conclusively, that a child is capable of contributory negligence; and the age, if any, over which it will be presumed that a child

is capable of contributory negligence. We find it unnecessary at this time to enter into this very interesting field of study, as no question is raised but that the instructions given to the jury laid down correct rules of law. The question before us is simply whether this question of capacity was one of fact under the evidence. Ordinarily the question of a child's capacity is one to be determined by the jury exactly as any other fact upon which rests the ultimate determination of the existence of negligence or contributory negligence. Therefore the rule above quoted from the opinion in Whaley v. Vidal applies, and this question of capacity must go to the jury in all cases except where there is a conclusive presumption of incapacity, or where, under the evidence, "reasonable men must draw the same conclusion." See authorities cited in notes L. R. A. 1917F, 68 and 84-92. To draw from these authorities any rule that may serve as a guide in determining whether the proven mental capacity, discretion, knowledge, and experience of plaintiff were such that all reasonable men would conclude that he should have comprehended the particular danger confronting him, is, we think, impossible. Therefore we do not deem that any good purpose would be served by detailing the particular facts, and the rulings thereon in the almost innumerable cases referred to in L. R. A. 1917F, 84-92; but one conclusion can be drawn therefrom: Each case must be determined upon its own facts.

Upon the motion to direct a verdict the court was bound to resolve the evidence most favorably to plaintiff. Under this rule, what were the facts which the court was bound to assume to be undisputed when it was called upon to determine whether there was any issue to go to the jury? What seems to us to be the all-important facts were that plaintiff did not know that the auto was traveling at such a speed that it would come up to him as quick as it did; that he thought he could cross ahead of it; and that the auto was traveling much faster than he thought it was.

Of course, it must be conceded that a boy of 12 years of age, of ordinary intelligence—and we must presume this boy was possessed of such intelligence—would fully comprehend the certainty of personal injury if he should collide with the auto. If the ability of plaintiff to recognize the above fact had been the only thing to be determined by the court or jury, the court should

have directed a verdict. However, the court was bound to recognize that plaintiff was called upon to determine, not merely the certainty of injury if he collided with the auto, but the probability of such collision; or, in other words, the imminence thereof. This called for the exercise of a degree of judgment entirely different from that necessary to determine the probable result of a collision—it called upon him to judge of the relative speed of the two machines as well as the relative distance to be traveled. Whether plaintiff, a boy of 12 years of age presumed to be possessed of the ordinary intelligence, experience, and discretion of a boy of that age, had sufficient mental capacity, discretion, knowledge, and experience to render him capable of comprehending the situation and realizing the risk he ran in attempting to cross in front of the auto, was a matter upon which reasonable men might well differ in their conclusions.

It must be conceded that the record presents a very close question; yet if there be a doubt in our mind we must assume that there was at least a doubt in the mind of the trial court, and the existence of such doubt, if any, gave full warrant to such court to submit this question to the jury.

The judgment and order appealed from are affirmed.