Earl L. Zink, Appellant, v. Breese Grain Company, Appellee.

Heard in this court at the October term, 1930. Opinion filed January 19, 1931.

L. N. NICK PERRIN, JR., for appellant.

BARNABAS F. SEARS and MURRAY & NIEHOFF, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant, a minor between seven and eight years of age, sued to recover for personal injuries alleged to

have been caused by the negligence of a servant of appellee. The trial resulted in a verdict and judgment in favor of appellee.

The declaration avers that while appellant was standing upon the public highway at the intersection of Cherry and Seventh Streets in the City of Breese, with all due care and caution for his own safety, appellee, by its servant, so carelessly, negligently and improperly drove and managed a certain automobile, that by reason of the carelessness, negligence and improper conduct of its said servant the said automobile ran into and struck appellant with great force and violence and broke his left leg, etc. Cherry Street runs north and south and is intersected at right angles by Seventh Street. There is a ditch along the east side of Cherry Street and there is a concrete sidewalk bridge over that ditch. There are iron railings on either side of the bridge, the railings being about 8 feet in length east and west and the sidewalk bridge is perhaps 10 feet in length. Cherry Street is about 25 feet in width. On the day in question appellee's servant was driving a car south on Cherry Street and approached the intersection at a speed of from 12 to 15 miles per hour. When the car was a block north of the intersection appellant and two other boys were standing, or playing upon the sidewalk bridge between the railings and they saw the car coming when it was a block away. The driver of the car saw the boys in that position when he was a block away and watched them, and he testified that when his car was about 10 feet north of the sidewalk line the boys were still standing about the center of the sidewalk bridge between the railings. He took his eyes off the boys at that point and was looking south and just as his car was passing over the sidewalk he felt a little jar when appellant was struck.

Appellant says that when the car was about a block away he was in the middle of the sidewalk bridge; that

he didn't watch the car from that time on but that he walked west for about five steps facing the street and that when he was about three feet out in the street he stooped to pick up some pebbles and the side of the left front fender of the car struck him.

No one contradicts the testimony of the driver of the car to the effect that when his car was about 10 feet north of the sidewalk line the boys were all in the middle of the sidewalk bridge. It doesn't seem possible that appellant could walk far enough out into the street to be struck by the fender while the car was moving 10 feet. There is testimony strongly tending to show that very shortly after the accident appellant stated that one of the other boys was shooting at him with a rubber gun and that he ran out into the street.

The record does not show that the car was being driven at an unlawful speed or that the driver was disobeying any requirement of the law. When a motor vehicle is proceeding along at a lawful speed and is obeying all the requirements of the law of the road and all the regulations for the operation of such machine, the driver is not, as a general proposition, liable for injuries received by a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid the injury. *Morrison v. Flowers,* 308 Ill. 189–197.

In our opinion it cannot be said that appellee was shown to have been guilty of any negligence. It is, of course, an unfortunate accident, and appellant received a serious injury, but in the absence of negligence on the part of appellee he was not entitled to recover. We cannot say that the verdict of the jury in that regard is contrary to the evidence. In our view of the law and the evidence it is unnecessary to consider the alleged errors relied upon by appellant for a reversal. The judgment is affirmed.

*Affirmed.*