STONE, Respondent, v. HINSVARK, Appellant

(57 N. W.2d 669)

(File No. 9308. Opinion filed March 25, 1953)

Rehearing denied April 22, 1953

**Law & Law,** Clear Lake, for Plaintiff and Respondent.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Appellant.

SICKEL, J. This is an action brought by Eldon Stone, as special administrator of the estate of Sharon Marie Stone, his deceased daughter, to recover the damage resulting from her death which it is claimed was caused by the wrongful act of Ingvald M. Hinsvark, defendant. The jury returned a verdict for plaintiff for the sum of $7,500, and judgment was entered thereon. Defendant appealed.

Sharon Marie Stone became five years of age on April 1st, 1951. She was one of four children, all girls, living with their parents on a farm about two and one-half miles south of Gary. The farm is on the west side of South Dakota Highway No. 22. The house and barn are close to the road. North of the farmyard and adjacent to the road is a pasture in which a dairy herd was kept. On the evening of May 4, 1951, the mother sent decedent and her seven year old sister to fetch the cattle from the pasture. The distance from the farmyard to the pasture gate was about 800 feet. At approximately half way between was a twenty-eight foot culvert. The roadway was graveled, smooth and 26 to 28 feet wide at the shoulders of the grade. The herd of cattle consisted of 7 cows, 2 small heifers and a steer. The children drove the cattle into the highway and started them south toward the farmyard. Defendant was driving north and approached the cattle as they were crossing the culvert. As defendant passed the cattle decedent started to cross to the east side of the road and was struck by the car.

Appellant contends that the evidence was insufficient to show that he failed to exercise reasonable care to discover the presence of decedent on the highway and to avoid striking her with his car.

Ordinary care means that degree of care which a man of ordinary prudence would exercise under the circumstances. Driving a motor vehicle at an unreasonable or dangerous speed is negligence. Whether the speed is excessive depends on surrounding circumstances. Petteys v. Leith, 62 S. D. 149, 252 N.W. 18. It is provided by Supp 44.0303:

"It shall be unlawful for any person to drive a vehicle on a highway of this state at a speed greater than is reasonable and prudent under the conditions then existing * * *". It is also provided by SDC 44.9921: "Any person who drives any vehicle upon a highway * * * without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving * * *". In regard to the duty of the driver of an automobile as to a minor upon the public highway, it has been said: "When a motor vehicle is proceeding along at a lawful speed and is obeying all the requirements of the law of the road and all the regulations for the operation of such machine, the driver is not, as a general proposition, liable for injuries received by a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid the injury." Zink v. Breese Grain Co., 260 Ill.App. 281, 283. On the other hand, if one is driving an automobile on a public highway at an unreasonable or dangerous speed under the surrounding circumstances he is negligent, and cannot escape liability merely because a child who was injured ran in front of the automobile so suddenly that the accident was unavoidable. Cameron v. Miller, 43 S. D. 429, 180 N.W. 71; Alendal v. Madsen, 65 S. D. 502, 275 N.W. 352; Morrison v. Flowers, 308 Ill. 189, 139 N.E. 10; Zink v. Breese Grain Co., 260 Ill. App. 281; Hurzon v. Schmitz, 262 Ill.App. 337; Bartley v. Marino, Tex.Civ.App., 158 S.W. 1156; Akers v. Fulkerson, 153 Ky. 228, 154 S.W. 1101.

In Cameron v. Miller, supra, the evidence disclosed that plaintiff, a boy aged 12 was riding a bicycle going west on the north side of the street. Defendant was driving his car toward the east on the south side of the street. The boy turned to his left to cross the street and to enter an alley. When he crossed the car's line of travel the rear end of his bicycle was struck by the right front fender of the car. There was evidence tending to show that defendant's speed exceeded the limit fixed by city ordinance and it was held that this was sufficient to justify the jury in finding that the defendant was negligent.

■ Viewed in the light most favorable to plaintiff the evidence shows that defendant approached the scene of the accident from the south driving at 50 or 55 miles per hour. The cattle came into his range of vision in the road near the culvert as he came over the hill at a distance of more than 600 feet. Defendant testified that he applied his brakes and reduced his speed to 20 miles an hour in the next 100 feet and continued at that rate of speed without brakes. The cattle were spread out for a distance of 50 or 60 feet, and were all on the west side of the road. Defendant pulled over and continued on the east side of the grade, passing the cattle, to the point where he first saw Sharon. According to defendant's testimony, Sharon dodged out from behind the cattle and was then at about the middle of the road, in front of defendant's car at a distance of 30 to 35 feet, crossing to the east side. The last of the cattle were at that time 8 or 10 feet north of the front end of defendant's car. Defendant further testified that the instant he saw Sharon he applied his brakes as quickly as possible in an attempt to avoid striking her. Upon striking thé child defendant jumped from his car to rescue her and his car moved forward another 25 or 30 feet along and down the highway bank.

Hiram Hanson, the sheriff, and Edgar Neuman, state highway maintenance man, took the measurements of the skid marks made by defendant's car at the time of the accident. By these marks it was shown that defendant applied his brakes and skidded his car for a distance of 175 feet before reaching the culvert, and that it skidded an additional 8 to 10 feet beyond the culvert before striking Sharon.

In view of defendant's testimony these facts are evident: The road was graveled, smooth and dry. The skid marks showed that defendant's brakes were in proper working order. The grade was gradual. If defendant was proceeding at the rate of 20 miles per hour at the time he first saw Sharon, and if she was then 30 or 35 feet away as he testified, he should in the exercise of reasonable care have been able to stop his car in time to avoid the accident. On the other hand no passenger car carrying only the driver and proceeding at 20 miles per hour could, under the existing conditions, with the brakes applied, skid a distance of 185

feet down the highway. The only reasonable conclusion which can be drawn from this testimony, and the one which apparently was accepted by the jury, is that defendant reached the brow of the hill driving at a high rate of speed, as he testified; that he so continued until he reached a point about 175 feet south of the culvert and there applied his brakes to avoid striking the cattle; that he started to skid at that point, and at the time he saw Sharon 30 or 35 feet away, he was still unable to reduce his speed enough to avoid striking her.

The hazards of meeting and passing a herd of cattle on a highway grade with an automobile is great in any case. When this is done at such a speed that the car must skid a distance of 185 feet before it can be brought to a stop, the driver endangers the safety not only of himself but of the cattle, and it should have been reasonably foreseen that injury to some other person might result from such a negligent act. Schumacher v. Meinrath, 177 Ill.App. 530. We therefore conclude that the evidence was sufficient to justfy the jury in finding that defendant drove his car at an unreasonable and dangerous speed under the circumstances, and that this constituted negligence.

 Appellant contends that this child had proper training and sufficient education to understand the hazards involved on the highway, and that her action in darting out from behind the cattle and into the path of defendant's vericle constituted contributory negligence as a matter of law. In support of this view appellant holds this child to the same responsibility as an adult, but the circuit court did not adopt appellant's view, and instructed the jury as follows: "The rules of conduct relating to negligence and ordinary care which have been defined for you in these instructions apply to adults but do not apply with equal force to children of tender years. In this case, Sharon Marie Stone was required to use for her own safety that degree of ordinary care which an ordinarily prudent child of her age, maturity, experience and capacity would ordinarily use under similar circumstances and under similar conditions. If she failed to use that degree of ordinary care for her own safety which an ordinarily prudent child of similar age,

maturity, experience and capacity would ordinarily use under like circumstances and such failure was a proximate cause of the injury, then she was guilty of contributory negligence, but if she did use that degree of ordinary care for her own safety which an ordinarily prudent child of similar age, maturity, experience and capacity would ordinarily use under like circumstances, then she was not guilty of contributory negligence * * *".

The case of Barger v. Bissell, 188 Mich. 366, 154 N.W. 107, 108, involved an injury to a seven year old girl while crossing a street, and the court said: "The evidence is undisputed that plaintiff stepped quickly off the curb on the side of the street the car was running, and started rapidly to cross just in front of and diagonally from this closely approaching car, with her head down, without looking, her back turned partially from it and from the direction vehicles should be expected upon that side of the street. It is manifest that she exercised no care at all, and, if an adult, she would clearly be barred from recovery by her own carelessness and negligence; but with a child of her age the question of contributory negligence precluding recovery, in case the defendant is shown guilty of negligence, is usually an issue of fact for the jury. In passing upon the legal questions raised here, the materiality of her conduct in thus suddenly coming upon the street close in front of a passing automobile, in the middle of a block, is its bearing upon the question of defendant's negligence".

Even if this child's conduct was such that as an adult she would be barred from recovery because of her own negligence, yet the court could not say as a matter of law that she, at her age, was guilty of contributory negligence barring recovery. Since the evidence was sufficient to show defendant guilty of negligence causing the injury, the issue of the child's contributory negligence was properly submitted to the jury.

The question of proximate cause was also considered by this court in Cameron v. Miller, supra, [43 S. D. 429, 180 N.W. 72]. In that case testimony was introduced to show that defendant was driving at a speed 3 to 8 miles per hour in excess of the limit fixed by city ordinance. This

evidence was held sufficient to justfy the jury in finding that defendant drove his car in a negligent and unlawful manner; that had he not done so the accident would not have happened: "It follows, therefore, that there was evidence from which the jury was warranted in finding, not only that the defendant was guilty of negligence in driving his auto at an excessive speed, but that such negligence was the proximate cause of the collision".

This child was not a trespasser upon the highway. The jury was also justified in finding that if defendant had used ordinary care, if he had been driving at a reasonable rate of speed under the circumstances at the time he first saw the child, he would have been able to stop his car before striking her. It was for the jury to say whether the defendant was negligent, and if so whether his negligence was the proximate cause of the accident. Cf. Akers v. Fulkerson, 153 Ky. 228, 154 S.W. 1101; Schumacher v. Meinrath, 177 Ill.App. 530; Morrison v. Flowers, 308 Ill. 189, 139 N.E. 10.

▌ Appellant also contends that the mother of decedent was negligent as a matter of law in sending the children for the cattle. Under the evidence, this contention raised a question of fact, and it was submitted to the jury under proper instructions. Johnson v. Glidden, 11 S. D. 237, 76 N.W. 933; Miller v. Stevens, 63 S. D. 10, 256 N.W. 152; Ayers v. Ratshesky, 213 Mass. 589, 101 N.E. 78; Winckowski v. Dodge, 183 Mich. 303, 149 N.W. 1061; Hamlin v. N. H. Bragg & Sons, 128 Me. 358, 147 A. 602; SDC 14.0309; cf. 25 C.J.S., Death, § 89c, p. 1222.

▌ The jury was instructed under Ch. 160, S.L. of 1941, the comparative negligence statute. Defendant excepted to this instruction on the ground that the statute is not applicable to an action for wrongful death. SDC 37.22 and Supp. He contends that the comparison of negligence is authorized only in an action between a defendant and the injured person; that when the injured person has died his cause of action has abated; that the action for wrongful death is a creature of the statute, brought by the legal representative of the deceased person, for the benefit of his dependents, and is "not an action brought to recover damages for the injuries to the person of the decedent * * *".

The comparative negligence statute modified the prevailing rules of contributory negligence "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another * * *" SDC Supp. 47.0304-1. It applies to those common-law actions which are brought by the injured person for injuries to his person or property; also to statutory actions brought by an executor or administrator for injuries to the husband or wife, children, parents or next of kin of decedent, resulting from the negligent act, as authorized by the wrongful death statute.

We find nothing in the comparative negligence law indicating that the term "plaintiff" as used therein shall be construed in a technical legal sense, as limiting the statutory rule to actions brought by a party to the event which gave rise to the cause of action. In Nebraska, where our comparative negligence statute originated, it has been applied in an action to recover for wrongful death, on the issue of the contributory negligence of a minor. Spomer v. Allied Electric Fixture Co., 120 Neb. 399, 232 N.W. 767, 769. The same court applied the statute in an action for wrongful death at a railroad crossing. Huckfeldt v. Union Pac. R. Co., 154 Neb. 873, 50 N.W.2d 110. So far as we can ascertain, the application of the statute in wrongful death cases has never been questioned in the Nebraska courts.

The appellant also contends that the title to the comparative negligence statute is misleading and deceptive, and that the subject of the Act is not clearly expressed in the title as required by Art. III, § 21, of the constitution.

If the title had described the Act as one relating to negligence there could be no doubt of its sufficiency. The adjectives "contributory" and "comparative", as used in the title, are limitations upon the scope of the Act. However, we find nothing in the Act which goes outside the title as thus restricted. The title declares that the Act is one to: "Abrogate the Rule of Contributory Negligence as Now Existing * * *." The phrase "as Now Existing" gives notice that the Act modifies, but does not abolish, the law of contributory negligence.

Other assignments of error argued in appellant's brief relate to funeral expense as an item of damages, the admissibility of evidence showing severity of injuries to decedent, instructions as to duties of defendant as a driver under the circumstances, mental suffering and loss of companionship as elements of damage. The record has been carefully examined and we find no error as to these assignments.

The judgment of the circuit court is affirmed.

LEEDOM, J., concurs.

RUDOLPH and LEEDOM, JJ., concur specially.

ROBERTS, P. J., and SMITH, J., dissent.

RUDOLPH, J. (concurring). On the issue of whether defendant's negligence was a legal cause of the death of the child, I believe the governing rule is stated in the 1948 Supplement to the Restatement of Torts, § 435, as follows:

"(1) If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.

"(2) The actor's conduct is not a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm."

That defendant's conduct was a substantial factor in bringing about harm to the child, is established. Considering the acts of the defendant and the manner in which he approached the perilous condition confronting him on the highway, it does not appear to me highly extraordinary that his conduct should have resulted in striking the child.

The title of Ch. 160, Laws of 1941, is "An Act to Abrogate the Rule of Contributory Negligence as Now Existing in this State and Substituting Therefore (sic) the Rule of Comparative Negligence, * * *". It is my view that the act makes such real changes in the law of contributory negligence that the word "abrogate" is in no sense misleading. It seems to me that the act provides an entirely new rule,

and that the law of contributory negligence "as Now Existing in this State" is replaced. True, unless certain conditions exist the old conception and effect of contributory negligence are applied, but it seems to me that this is simply an appendage to a new rule.

SMITH, J. (dissenting). I respectfully dissent. In my opinion the exceptions to the court's instructions, dealing with comparative negligence, on the ground that the title to Ch. 160, L.1941 is misleading and deceptive and therefore repugnant to § 21, Art. III of the constitution of South Dakota, were well taken, and hence the instructions on that subject were prejudicial. I think the judgment should be reversed.