FINCH, Respondent v. CHRISTENSEN, Appellant

(172 N.W.2d 571)

(File No. 10548. Opinion filed December 4, 1969)

**Willy, Pruitt & Matthews,** Sioux Falls, for defendant and appellant.

**Dana, Golden, Moore & Rasmussen,** Sioux Falls, for plaintiff and respondent.

ROBERTS, Judge.

Dean Finch was seriously injured when a bicycle ridden by him collided with an automobile driven by defendant Bonita Marie Christensen. Separate actions were commenced, one by the father, Dan Finch, for recovery of amounts paid for medical services and hospital care in the treatment of his minor son and the other action was brought by the father as guardian ad litem for the son for personal injuries. The actions were consolidated for trial. The jury returned verdicts for the plaintiff and separate judgments accordingly were entered. Defendant in the action wherein the jury returned a verdict in favor of the father in the amount of $4964.82 for medical and hospital expenses filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court overruled the motion and defendant has appealed.

In the early evening of the day of the accident, Dean Finch, age eleven, and seven other boys rode bicycles easterly from the town of Brandon on county Highway 140 which terminates at Highway 11 running north and south. Arriving at the dead end, the boys went south a short distance and then east to Brandon Park. At the southwest corner of the intersection is a Skelly Service Station. The distance from Brandon to the intersection is about a half mile. Returning home the boys stopped at the service station at about 9:10 p. m. to purchase refreshments. Leaving the service station fifteen minutes later the boys proceeded toward Brandon in the south lane and shoulder of Highway 140. From the intersection west there is a slight incline. It was dark and the bicycles were not equipped with lights. When Dean Finch was about two-tenths of a mile west of the intersection, riding the sixth bicycle at a distance of not more than a block behind the lead bicycle, he was struck by an auto-

mobile driven by the defendant approaching from the opposite direction.

Defendant was on her way the night of the accident from Sioux Falls to her home in Brandon Park. According to her testimony, approaching Brandon from the west she reduced the speed of her car to 30 or 40 miles an hour and when near or past the edge of town she met a tractor with bright headlights. She then met a car which was following the tractor and at approximately the same time saw Dean Finch on a bicycle in her lane of travel. She swerved her car to the left in an attempt to avoid striking him. On cross-examination, defendant testified:

"Q As you proceeded east then you saw some boys * * *, is that the way it was? A I saw some boys, Yes.

"Q And this is after you had passed the tractor? A Yes.

"Q Now where were these boys, what were they doing? A They were on my right and there were a couple of them in the road. They got over. The only boy that was not, to my knowledge, in the shoulder of the road after they got over was Dean. * * *

"Q They were on bicycles? A Yes. * * *

"Q And at what point was the Plaintiff, Dean Finch, when you first saw him in relation to your car? A Right in front of my car. * * *

"Q At what point of time were you passing Mrs. Webster's car in connection with your seeing Dean Finch in the roadway? A Well, to my knowledge, like I said before, it almost happened all simultaneously. I was afraid I was going—here was this car, I was afraid I was going to hit the car. I was afraid I was going to hit the boys so I swerved trying to miss the car and Dean and I didn't do it all.

"Q Did you use your brakes at all when you first saw the boys along the right hand side of the road?
A No.

"Q Did you slow down at all? A I was going at a proper rate of speed. There was no reason to slow down. They were over."

Loren Ellwein, a state highway patrolman, and Meryln Stowsand, a deputy sheriff, when notified of the accident, proceeded immediately to the scene and made an investigation. Patrolman Ellwein testified that defendant stated that at the time of the accident she was traveling at the rate of 50 miles per hour, but at the trial she testified that she was traveling between 30 and 40 miles per hour.

Ronald Paclik, one of the boys riding bicycles, was a witness for the plaintiff. He was eleven years of age at the time of the accident. He testified that the bicycles prior to the accident were proceeding on the south shoulder of the highway in single file; that he was fourth in line and Dean Finch sixth; and that shortly before the accident he looked back and saw Dean on the shoulder of the highway and south of the white line marking the outer edge of the traveled portion of the highway. Dean Finch testified that because of his injuries he had no recollection where he was on the highway at the time of the accident. The only witness testifying for the plaintiff who observed his position immediately prior to the accident was Ronald Paclik.

Defendant contends that the evidence was insufficient to justify the jury in finding that she was guilty of negligence and that Dean Finch was himself guilty of negligence which was the contributing cause of the injuries suffered by him.

A bicycle may be considered a "vehicle" within the meaning of traffic rules and regulations. SDCL 1967, § 32-14-1. In the absence of a statute to the contrary a bicyclist while traveling on public highways is controlled by rules of the road

as recognized at common law. 4 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, § 2736. He has the same right as an automobile driver to use streets and highways and is only required to exercise for his own safety that degree of care and vigilance which may be expected of one of his age, intelligence and experience acting under the same or similar circumstances. Cameron v. Miller, 43 S.D. 429, 180 N.W. 71; Annot., 172 A.L.R. 736.

■ ■ The action before us is essentially similar to that of Doyen v. Lamb, 74 S.D. 126, 49 N.W.2d 382, wherein this court stated that the duty of ordinary or reasonable care of the driver of an automobile to a child or children in, near or adjacent to a street or highway, is a degree of care and caution commensurate with the danger involved and the probability of injury; that it is a matter of common knowledge that children make sudden and erratic movements and are less mindful of danger than are adults; and that the driver of an automobile must increase his vigilance and care to avoid danger to children when he knows, or should know, of the presence of children on or near a highway. This is in accord with the rule in the majority of jurisdictions. Annot., 30 A.L.R.2d 5. It was therein observed by this court that the care required depends upon circumstances and that in order to reach the standard of reasonable, ordinary or due care where children are involved a higher degree of care is required.

■ Defendant contends that she was driving at a lawful speed and obeying all the requirements of the rules of the road. It is provided by SDCL 1967, § 32-25-3: "It shall be unlawful for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing." Speed may be unlawful and unreasonable even though not in excess of posted rate of speed. Doyen v. Lamb, supra.

■ It is undisputed that defendant saw the boys on bicycles along the shoulder of the highway coming from the opposite direction. The facts are not comparable to those appearing in Larson v. Loucks, 69 S.D. 60, 6 N.W.2d 436. There the driv-

er of an automobile did not see or have reason to anticipate the presence of a two year old child when he started his automobile, struck and killed the child. Defendant complains of the refusal of the court to strike the testimony of the eleven year old witness, Ronald Paclik, to the effect that he looked back and a short time before the accident observed the position of Dean Finch on the shoulder of the highway. It is contended that the jury could not rely "upon uncertainties and improbabilities of a witness of such young and tender age" and infer from such evidence that defendant did not have sufficient control of her car to avoid the accident. We do not think that the court erred in refusing to strike such testimony. It is the province of the court to determine as a matter of law the competency of a witness to testify. Moser v. Moser, 82 S.D. 149, 143 N.W.2d 369. After a witness has been held competent, the question of credibility and the weight to be given to his testimony is for the jury. 53 Am.Jur., Trial, § 181. The evidence presented a factual issue as to whether or not defendant was negligent in failing to keep a proper lookout and to have her car under sufficient control to avoid the accident. The evidence was sufficient to take the case to the jury on the question of the negligence of the defendant.

■■ ■■ It is argued that the conduct of Dean Finch operating his bicycle at night without lights, without maintaining a proper lookout, and on the wrong side of the highway constituted contributory negligence as a matter of law. An infant, at least until he has reached the latter years of infancy, is not bound to exercise the care required of an adult. This court in Cameron v. Miller, supra, held that the question of the contributory negligence of a twelve year old boy in crossing a street on a bicycle in front of an approaching automobile was for the jury. There it was stated: "Whether plaintiff, a boy of 12 years of age presumed to be possessed of the ordinary intelligence, experience, and discretion of a boy of that age, had sufficient mental capacity, discretion, knowledge, and experience to render him capable of comprehending the situation and realizing the risk he ran in attempting to cross in front of the auto, was a matter upon which reasonable men might well differ in their conclusions."

In Alendal v. Madsen, 65 S.D. 502, 275 N.W. 352, it was held that the acts of a boy also of the age of twelve years, who was injured while crossing a street in front of an automobile, presented a question for the jury as to his contributory negligence. See also Stone v. Hinsvark, 74 S.D. 625, 57 N.W.2d 669; Annot., 107 A.L.R. 4, supplemented in 174 A.L.R. 1080 and 77 A.L.R.2d 917. The trial court instructed the jury as to the standard of care required of children and the issues of proximate cause and the comparative extent of contributory negligence were submitted to the jury. Under the circumstances disclosed by plaintiff's evidence interpreted in the light most favorable to him there is sufficient record to sustain the judgment.

There were exceptions to the giving and refusal of instructions. We find no error therein prejudicial to defendant.

Judgment affirmed.

All the Judges concur.